THE STATE OF OHIO, APPELLEE, *v.* TURNER, APPELLANT.

(No. 51880 — Decided March 30, 1987.)

*John T. Corrigan,* prosecuting attorney, for appellee.

*Gareau & Dubelko* and *John R. Lentes,* for appellant.

ANN MCMANAMON, J. William Turner, the appellant, was sentenced to consecutive terms for a theft offense and a receiving stolen property offense under two case numbers, 193058 and 191784, respectively, in the court of common pleas. In this delayed appeal, Turner contends: (1) he was improperly sentenced on the theft offense in case No. 193058 to an indefinite term of imprisonment; and (2) the trial court failed to comply with the sentencing procedure outlined in R.C. 2929.13 (A).[1] There is merit to his first claimed

---

[1] The assignments of error are:

I

"The trial court erred in sentencing appellant, in case No. 193058, for an in-

error, which requires a remand for resentencing.

The record reflects that Turner and co-defendant Arthur Cox were jointly indicted in case No. 191784 for one count of receiving stolen property in violation of R.C. 2913.51.

That indictment also contained prior conviction specifications, but as the record in case No. 191784 has not been provided for our review, we are unable to determine the precise number and nature of these specifications. We note that the transcript of the sentencing hearing on the consolidated cases is ambiguous in this regard. Since Turner has failed to provide us with the record in case No. 191784, we need not consider his assignments of error as they relate to that case.

The same co-defendants were charged in case No. 193058 with one count of theft in violation of R.C. 2913.02, a fourth degree felony, and one count of receiving stolen property. As it related to Turner, the indictment contained a prior petty theft offense specification.

Pursuant to a plea bargain arrangement, Turner elected to withdraw his not guilty pleas and enter a plea of guilty to the charges in case No. 191784 and to the theft charge with the prior theft offense specification in case No. 193058. In exchange, the receiving stolen property count in case No. 193058 was nolled.

The trial court accepted Turner's guilty pleas in both cases, and imposed an indefinite term of imprisonment of one to five years on the theft charge in case No. 193058, and an indefinite term of two to ten years in case No. 191784, with sentences in both cases to run consecutively.

In his first assignment of error Turner contends that the trial court erred in sentencing him on the theft offense, a fourth degree felony, to an indefinite rather than a definite term in case No. 193058. We agree.

Persons convicted of third and fourth degree felonies are subject to a definite sentence, R.C. 2929.11(D), unless the offender caused physical harm or threatened physical harm with a deadly weapon during the commission of the charged offense, or the offender has been previously convicted of an offense of violence. The fourth degree determinate sentence options are six months, one year or one and one-half years. R.C. 2929.11(D)(2).

There is no evidence in the instant case that Turner caused physical harm or threatened physical harm with a deadly weapon to any person during the commission of the charged theft offense in case No. 193058. The indictment reflects that Turner was previously convicted in 1977 of the crime of petty theft, a non-violent offense.

Accordingly, Turner was entitled to the definite sentencing provision of R.C. 2929.11(D), and was improperly sentenced to an indefinite term of one to five years.

Turner's first assignment of error is well-taken.

In his second assignment of error, Turner argues that the trial court abused its discretion in imposing the maximum sentence without first considering the factors set forth in R.C.

---

definite term of one to five years upon a fourth degree felony theft charge when such a sentence does not comport with the statute.''

II

"The trial court erred in failing to ade-

quately consider the required sentencing standards of ORC Section 2929.13 and, instead, based appellant's sentence on an inflexible rule that those with prior convictions must receive the maximum sentence.''

2929.13(A) favoring a shorter term of incarceration.

R.C. 2929.13 provides in part:

"(A) The following do not control the court's sentencing decision, but shall be considered in favor of imposing a shorter term of imprisonment when determining the term of imprisonment for a felony of the third or fourth degree for which a definite term of imprisonment is imposed:

"(1) The offense was the result of circumstances unlikely to recur;

"(2) The victim of the offense induced or facilitated it;

"(3) There are substantial grounds tending to excuse or justify the offense, though not sufficient to establish a defense;

"(4) The offender acted under strong provocation;

"(5) The offender has no history of prior delinquency or criminal activity, or has led a law-abiding life for a substantial time before commission of the present offense;

"(6) The offender is likely to respond quickly to correctional or rehabilitative treatment."

As subsection (A) specifically states, these sentencing criteria must be considered by the court in determining whether to impose a shorter or longer definite sentence, but are nonbinding. Further, the criteria do not limit the matters that may be considered in determining the length of a definite term of imprisonment to be imposed for a third or fourth degree felony. R.C. 2929.13(C).

We have found no reported Ohio cases or unreported cases from this jurisdiction relating to R.C. 2929.13. However, our cases dealing with R.C. 2929.12, which establishes mandatory criteria to be considered in imposing indefinite sentences, provide a useful analogy. In those cases, we have determined that, while a court's sentencing discretion is broad, the record must indicate that the court considered the statutory criteria. A failure to weigh these factors constitutes an abuse of discretion. *Columbus* v. *Bee* (1979), 67 Ohio App. 2d 65, 21 O.O. 3d 371, 425 N.E. 2d 409; *State* v. *Gwin* (Mar. 8, 1984), Cuyahoga App. No. 47135, unreported. We have repeatedly held that a presentence report or some other evidence that the trial judge considered the statutory factors satisfies the law. *State* v. *Gregley* (Sept. 22, 1983), Cuyahoga App. No. 45881, unreported; *State* v. *Thompson* (Feb. 20, 1986), Cuyahoga App. No. 49981, unreported.

The record reflects that the trial judge reviewed a presentence investigation report before imposing sentence. Therefore, we hold that he had sufficient facts before him to consider the statutory criteria, and it cannot be said that he acted arbitrarily. Turner's second assignment is not well-taken.

This cause is remanded for resentencing consistent with this opinion.

*Judgment affirmed*
*in part, reversed*
*in part and cause*
*remanded.*

NAHRA, P.J., and MITROVICH, J., concur.

MITROVICH, J., of the Court of Common Pleas of Lake County, sitting by assignment in the Eighth Appellate District.