Defendant-appellant, David Pickford, appeals from a judgment rendered by the Jefferson County Common Pleas Court accepting his guilty plea to a charge of rape, a violation of R.C.2907.02(A)(2), and sentencing him to the maximum term of ten years.
In the early morning hours of December 2, 1996, appellant left his house and began walking down his street. Earlier, appellant had tried to get back together with his ex-girlfriend and she refused. He had consumed a large amount of beer and whiskey. As he walked down the street he came upon the home of the victim. Appellant did not know the victim and apparently just picked her house at random.
Appellant found an unlocked window, opened it, and gained entry to the victim's home. The victim and her elderly mother were asleep in the home. Appellant proceeded down a hallway to the victim's bedroom. He went into her bedroom and stood over her bed. Brandishing a knife, appellant demanded that the victim perform oral sex on him. The victim complied with appellant's demand and appellant also molested the victim throughout this ordeal.
At one point, appellant laid his knife down. The victim was able to grab it and cut appellant before he fled the home. Appellant was apprehended a short time later not far from the victim's home. Through DNA testing, blood gathered as evidence from the victim's home was later identified as that of appellant's.
On December 12, 1996, a Jefferson County Grand Jury indicted appellant on one count of rape, in violation of R.C.2907.02(A)(2), one count of aggravated burglary, in violation of R.C. 2911.11(A)(2), and one count of kidnapping, in violation of R.C. 2905.01(A)(2) through (4).
Originally, appellant pled not guilty to all charges. On February 24, 1997, the trial court held a change of plea hearing. At the hearing, plaintiff-appellee, State of Ohio, acting through a prosecutor, agreed to dismiss the aggravated burglary and kidnapping counts in exchange for appellant's guilty plea to the rape count.
Appellant's sentencing hearing was held on March 2, 1997. The prosecutor recommended the maximum term of ten years. Appellant's counsel introduced testimony of appellant's mother, sister, and brother-in-law. Their testimony expressed the close familial relationship they had with appellant. They also testified to appellant's good relationship with his son and appellant's reputation for being a good person. The family also acknowledged that appellant may have an alcohol problem and they expressed their willingness to help him overcome this problem.
Appellant also testified at the hearing. He expressed his sorrow for what he had done. Appellant's counsel spoke on appellant's behalf, arguing for leniency in sentencing and recommending probation in lieu of incarceration.
The victim gave a statement in open court and urged the court to impose the maximum sentence. She described the incident and how it had impacted her and her mother's lives.
At the close of the testimony, the trial court sentenced appellant to a definite term of imprisonment of ten years. Upon release, appellant will be put on probation for at least five years. Additionally, appellant will be required to register with the sheriff of the county of his residence pursuant to R.C. 2950.03.
This appeal followed.
Appellant's first assignment of error alleges:
 "DAVID PICKFORD'S UNITED STATES CONSTITUTION SIXTH AMENDMENT AND OHIO CONSTITUTIONAL [sic.] ARTICLE I SECTION 10 RIGHTS TO EFFECTIVE ASSISTANCE OF COUNSEL WAS [sic.] VIOLATED."
First, appellant states that his counsel failed to put the plea negotiation into writing. Additionally, appellant states that counsel failed to mention in open court that the state had offered to recommend a minimum sentence of three years. Appellant argues that these omissions by his counsel foreclosed his right to effectively appeal the alleged breach of the plea agreement.
Second, appellant states that counsel did not meet with him between the February 24, 1997 change of plea hearing and the March 2, 1997 sentencing hearing. Appellant states that counsel did not inform him that he would be testifying on his own behalf at the sentencing hearing. Additionally, appellant states that counsel did not meet with his family until just fifteen minutes before the hearing and failed to explain to them that they would be subject to cross examination.
Third, appellant states that counsel failed to object to several abusive and harassing comments made by the prosecutor during his cross examination of appellant at the sentencing hearing. Specifically, appellant argues that the prosecutor engaged in a line of questioning that was clearly argumentative, inflammatory, and abusive. Appellant states that counsel made no attempt to object to this line of questioning or rehabilitate him by conducting a re-direct examination.
Lastly, appellant states that counsel failed to recommend that appellant seek any type of treatment and/or counseling for his ongoing alcohol problem. Appellant argues that, under R.C.2929.12, one factor to be considered at sentencing is the offender's denial that he has a problem, his refusal to seek treatment, and the likeliness of recidivism. Appellant argues that counsel's failure to recommend treatment or elicit testimony from him regarding his willingness to do so constitutes ineffective assistance of counsel.
In order to prevail on a claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below an objective standard of reasonableness and that prejudice arose from counsel's performance. Strickland v.Washington (1984), 466 U.S. 668, 687; State v. Bradley (1989),42 Ohio St.3d 136, paragraph two of the syllabus. A defendant must show that counsel acted unreasonably and that but for counsel's errors, there exists a reasonable probability that the result of the proceeding would have been different.Strickland, supra at 696; Bradley, supra at paragraph three of the syllabus.
"Judicial scrutiny of counsel's performance is to be highly deferential, and reviewing courts must refrain from second-guessing the strategic decisions of trial counsel."State v. Carter (1995), 72 Ohio St.3d 545, 558. Rather, trial counsel is entitled to a strong presumption that all decisions fell within the wide range of reasonable, professional assistance. State v. Sallie (1998), 81 Ohio St.3d 673, 675.
As indicated earlier, appellant advances several arguments in support of his claim of ineffective assistance of counsel. We will now address each of them in the order presented.
The record fails to support appellant's assertion that his counsel failed to document the prosecutor's alleged promise to recommend the minimum sentence or that the prosecutor ever made the promise. The first mention of the terms of the plea agreement came at the beginning of the February 24, 1997 change of plea hearing. The prosecutor began:
 "Thank you, Your Honor. May it please the Court, at this time the State is asking for leave of Court to amend the indictment filed in this case on December 12th, 1996 by entering a nolle prosequi to the second and third counts, which are the two lesser included counts in this — the two lesser included counts in this indictment.
 "It's my understanding that in exchange for that the Defendant will withdraw his former plea of not guilty and enter a plea of guilty to the first count of the indictment, which charges him with rape in violation of Section 2907.02(A)(2) of the Ohio Revised Code." (Tr. 3)
Appellant's counsel responded, "If it please the Court, Mr. Becker has correctly recited the negotiated plea agreement." (Tr. 3).
The trial court judge devoted the remainder of the hearing, encompassing eleven pages of transcript, to an inquiry of appellant and appellant's understanding of the plea agreement. Appellant was asked numerous times if he understood the plea he was entering and he responded affirmatively each time. The judge asked appellant, "Have any threats, promises or other inducements other than what's been negotiated between you and your attorney — or between your attorney and the prosecutor been made to you to get you to enter a plea of guilty to this charge?" Appellant responded, "No." (Tr. 10).
After indicating that appellant's prison sentence could be anywhere from three to ten years, the judge then asked appellant, "Do you understand that by entering a plea of guilty you're subjecting yourself to the full penalty that can be imposed upon you by the Court?" Appellant answered, "Yes." (Tr. 11). Furthermore, as the trial court clearly indicated, appellant had the benefit of a statutory presumption in favor of the minimum sentence since this was his first felony offense. R.C. 2929.14(B).
The record fails to support appellant's claims that his counsel was unprepared for the sentencing hearing. Prior to the hearing, counsel had a pre-sentence investigation completed and offered three witnesses that testified favorably in appellant's behalf. A review of the sentencing hearing transcript reveals that counsel demonstrated his knowledge of appellant and his background. In a closing statement, counsel offered a personal statement suggesting to the court that appellant could be rehabilitated. Therefore, with respect to these claims, appellant has failed to demonstrate either that his counsel's performance fell below a objective standard of reasonableness or that he was prejudiced thereby.
Lastly, appellant has failed to demonstrate any prejudice resulting from his counsel's performance at the sentencing hearing itself and counsel's alleged failure to recommend to appellant that he seek treatment and/or counseling for his alcohol problem. Appellant states that counsel failed to elicit testimony from him reflecting his willingness to seek treatment for his alcohol problem. Appellant argues that the court then relied on appellant's failure to acknowledge his alcohol problem in reaching its decision to impose the maximum term.
An offender's ability to recognize his alcohol problem and his willingness to seek treatment is a recidivism factor the court must consider when determining sentence. R.C.2929.12(D)(4). However, in this case, it does not appear that the court determined that appellant failed to acknowledge his alcohol problem, let alone relied on this failure to impose the maximum term. In its sentencing decision filed March 24, 1997, the only mention of alcohol came when the court stated "that the offender's consistent use of alcohol, although a possible reason for the offender's actions does not constitute an excuse * * *." This statement reflects the court's recognition of appellant's alcohol problem. The statement does not support appellant's assertion that the court determined that appellant has failed to acknowledge the problem or that he has refused or is unwilling to seek treatment. Furthermore, even if further inquiry would have been made of appellant's alcohol problem and willingness to seek treatment, we cannot say that appellant's sentence would clearly have been different.
Having considered each of appellant's claims of ineffective assistance of counsel, we conclude that in each instance appellant has failed to demonstrate the requisite prejudice.Strickland, supra; Bradley, supra. Accordingly, we find appellant's first assignment to be without merit.
Appellant's second assignment of error alleges:
 "THE PRESIDING JUDGE DID NOT APPLY OHIO'S FELONY SENTENCING LAW PROPERLY BY IMPOSING THE MAXIMUM SENTENCE UPON DAVID PICKFORD."
In 1995, the Ohio General Assembly adopted Am.Sub.S.B. No. 2, a comprehensive act restructuring Ohio's felony sentencing law. The new statutory scheme sets forth a system of overriding purposes and specified principles, factors, and presumptions. The scheme also guides the exercise of judicial discretion and the scope of appellate review.
The starting point is the overriding purposes of felony sentencing. When sentencing a felony offender, the sentencing court must consider the overriding purposes of felony sentencing. R.C. 2929.11(A). The overriding purposes of felony sentencing are (1) to protect the public from future crime by the offender and others and (2) to punish the offender. R.C.2929.11(A). In order to achieve those purposes, the sentencing court must "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." R.C. 2929.11(A).
The court is also required to consider principles aimed at achieving the two overriding purposes of felony sentencing. R.C. 2929.11(B). The first principle requires that the sentence be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim." R.C.2929.11(B). The second principle commands that the sentence be "consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).
Although Am.Sub.S.B. No. 2 preserved some notion of judicial discretion in sentencing, various controls have been placed upon that discretion. The devices now utilized to limit judicial discretion include presumptions in favor of imprisonment, presumptions against imprisonment, mandatory sentences, reduced ranges of prison terms for each felony degree, and factors the court must consider in making the sentencing determination.
One significant change in Ohio's felony sentencing law relates to the statutory factors the court considers in making the sentencing determination. Prior to the adoption of Am.Sub.S.B. No. 2, R.C. 2929.12(B) stated that the statutory factors guiding discretion "do not control the court's discretion, but shall be considered" when imposing a sentence. As a general rule, the court's sentence was not disturbed so long as the judge "considered" the statutory factors and the sentence was within the allowable statutory range. State v.Hill (1994), 70 Ohio St.3d 25, 29; State v. Turner (1987),37 Ohio App.3d 38, 40. Am.Sub.S.B. No. 2 eliminated from R.C.2929.12(B) the discretionary language which indicated that the statutorily enumerated factors "do not control the court's discretion."
Under the new statutory scheme there are two primary categories of factors the court must consider in making the sentencing determination — seriousness factors and recidivism factors. Additionally, the court may consider any other relevant factors relating to seriousness and recidivism to the extent they are helpful in achieving the overriding purposes and principles of felony sentencing.
The seriousness factors enumerated in R.C. 2929.12 take one of two forms — factors that make an offense more serious than conduct normally constituting the offense and factors that make an offense less serious than conduct normally constituting the offense. The factors that make an offense more serious than conduct normally constituting the offense are enumerated under R.C. 2929.12(B). They are:
 "(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
 "(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
 "(3) The offender held a public office or position of trust in the community, and the offense related to that office or position.
 "(4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.
 "(5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.
 "(6) The offender's relationship with the victim facilitated the offense.
 "(7) The offender committed the offense for hire or as a part of an organized criminal activity.
 "(8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion."
The factors that make an offense less serious than conduct normally constituting the offense are enumerated under R.C.2929.12(C). They are:
 "(1) The victim induced or facilitated the offense.
 "(2) In committing the offense, the offender acted under strong provocation.
 "(3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.
 "(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense."
The factors relating to recidivism are enumerated under R.C.2929.12(D). They are:
 "(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, * * * or under post-release control * * * for an earlier offense.
 "(2) The offender previously was adjudicated a delinquent child * * * or the offender has a history of criminal convictions.
 "(3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child * * * or the offender has not responded favorably to sanctions previously imposed for criminal convictions.
 "(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.
 "(5) The offender shows no genuine remorse for the offense."
The adoption of Am.Sub.S.B. No. 2 also altered appellate review of felony sentences. Prior to the adoption of Am.Sub.S.B. No. 2, an appellate court did not disturb a trial court's imposition of sentence when it was within the statutory limits absent an abuse of discretion. Hill, supra; Turner,supra. Additionally, if the record was silent, the sentencing court was presumed to have considered the seriousness factors as well as any aggravating or mitigating circumstances. Statev. Hamann, 90 Ohio App.3d 654.
R.C. 2953.08 sets forth the new rights and procedures for appellate review of sentences that violate the provisions of Revised Code Chapter 2929. We note that we no longer review a felony sentence under the abuse of discretion standard, nor do we presume that the sentencing court considered the seriousness or recidivism factors when presented with a silent record. R.C.2953.08(G)(1); R.C. 2929.14(B).
R.C. 2953.08(A) recognizes five grounds for a defendant's appeal of right:
 "(1) The sentence consisted of or included the maximum prison term allowed for the offense * * * and the court imposed it under one of the following circumstances:
 "(a) The sentence was imposed for only one offense.
 "(b) The sentence was imposed for two or more offenses arising out of a single incident, and the court imposed the maximum prison term for the offense of the highest degree.
 "(2) The sentence consisted of or included a prison term, the offense for which it was imposed is a felony of the fourth or fifth degree or is a felony drug offense * * * and the court did not specify at sentencing that it found one or more factors specified in divisions (B)(1)(a) to (h) of section 2929.13 of the Revised Code to apply relative to the defendant. If the court specifies that it found one or more of those factors to apply relative to the defendant, the defendant is not entitled under this division to appeal as a matter of right the sentence imposed upon the offender.
 "(3) The person was convicted of or pleaded guilty to a sexually violent offense, was adjudicated as being a sexually violent predator, and was sentenced pursuant to division (A)(3) of section 2971.03 of the Revised Code, if the minimum term of the indefinite term imposed pursuant to division (A)(3) of section 2971.03 of the Revised Code is the longest term available for the offense from among the range of terms listed in section 2929.14 of the Revised Code. * * *
"(4) The sentence is contrary to law.
 "(5) The sentence consisted of an additional prison term of ten years imposed pursuant to division (D)(3)(b) of section 2929.14 of the Revised Code."
Once a defendant establishes a ground for appeal under R.C.2953.08(A), R.C. 2953.08(G) governs the scope of appellate review. The provisions relevant to this appeal state:
 "(G)(1) The court hearing an appeal of a sentence under division (A) or (B)(1) or (2) of this section may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the trial court for resentencing if the court clearly and convincingly finds any of the following:
 "(a) That the record does not support the sentence;
"* * *
 "(d) That the sentence is otherwise contrary to law."
In the case now before us, appellant pled guilty to one count of rape in violation R.C. 2907.02(A). A violation of this section is a felony of the first degree. R.C. 2907.02(B). R.C.2929.14(A)(1) provides that "[f]or a felony of the first degree, the prison term shall be three, four, five, six, seven, eight, nine, or ten years."[1]
Appellant argues that the court erred in imposing the maximum term of ten years. Since this was his first offense and the court imposed the maximum term, appellant has an appeal of right pursuant to R.C. 2953.08(A)(1). Therefore, we examine the sentence with an eye towards whether the record supports the sentence or whether the sentence is otherwise contrary to law. R.C. 2953.08(G)(1)(a), (d).
R.C. 2929.14(B) requires the sentencing court to impose the shortest term authorized unless doing so would demean the seriousness of the offender's conduct or would not adequately protect the public from future crime by the offender or others. If the sentencing court imposes a sentence longer than the shortest term, R.C. 2929.14(B) also requires the court to state those reasons or findings on the record for why imposing the shortest term would demean the seriousness of the offender's conduct or would not adequately protect the public from future crime by the offender or others. However, the sentencing court may impose the longest term if the court finds that the offender has committed the worst form of the offense, the offender is one who poses the greatest likelihood of committing future crimes, or if the offender is a major drug offender or a repeat violent offender as defined by statute. R.C.2929.14(C).
In its March 24, 1997 sentencing decision, the court found that appellant had committed the worst form of the offense and that a sentence less than the maximum would demean the seriousness of appellant's conduct. Moreover and, perhaps, most importantly, the court clearly stated its reasons for imposing the maximum term. The decision states in relevant part:
 "The Court has taken into consideration the record of the Defendant, the testimony of witnesses in mitigation of sentence, as well as the testimony of the Defendant himself, the Pre-Sentence Investigation and the victim impact statement contained therein, as well as the unsworn statement of the victim in Court, the purposes and principles of sentencing, the seriousness and recidivism factors relative to the offense and the offender, and the need for deterrents, incapacitation, rehabilitation, and restitution, all of which were made a part of the record.
 "The Court finds that imposing a sentence less that [sic.] the maximum sentence in this case would not be commensurate with the overriding purposes of sentencing and would be demeaning to the seriousness of the Defendant's conduct and impact upon the victim. The Court further finds that the conduct of the offender was more serious than the conduct normally constituting this type of an offense. The Court further finds that the victim has suffered serious psychological harm, that the offender's consistent use of alcohol, although a possible reason for the offender's actions does not constitute an excuse, that the offender made a conscious decision a considerable time prior to the commission of the offense to commit the offense, that he armed himself in anticipation of committing the offense, and that he then embarked on a course of conduct designed to enable him to commit the offense. The Court finds no conduct of the offender to be less serious conduct then [sic.] normal by other offenders. The Court further finds that the offender has committed the worse [sic.] form of the offense." Journal Entry, March 24, 1997, p. 2-3
As we indicated earlier, one of the principles of felony sentencing commands that the sentence be "consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B). The crux of appellant's argument under this assignment of error is that his sentence was not consistent with the sentence imposed by the same judge inState v. Shock (Mar. 3, 1997), Jefferson C.P. No. 96-CR-186, unreported.
Appellant argues that conduct constituting the offense in Shock's case precludes a finding in his case that he committed the worst form of the offense. Since Shock raped a child, appellant argues that the psychological impact on the victim was greater in that case than in his case where the victim was an adult. Shock was on probation for prior sexual offenses and was adjudicated a sexual predator. Appellant has not exhibited a pattern of sexual abuse and was not adjudicated a sexual predator. Appellant argues, therefore, that Shock was more likely to commit future crimes of a sexual nature. Appellant argues that Shock had an uncontrollable sexual deviation that was beyond rehabilitation whereas his offense was precipitated by alcoholism, a treatable condition.
We decline to adopt appellant's approach for achieving consistency in sentencing. Appellant's approach assumes that there is only one worst way to commit an offense and that any conduct falling below that mark is undeserving of the maximum sentence. Pursuing appellant's approach to its logical end, once an offender committed the very worst form of the offense no subsequent offenders would ever receive the maximum term. This approach results in a formula for inconsistency, not consistency.
Appellant's position ignores the possibility that two similar yet unrelated offenders may commit the worst form of an offense for different reasons. Appellant's and Shock's cases each presented facts and circumstances unique to them which supported a finding that the conduct involved constituted the worst form of the offense. Appellant's argument focused on those factors in Shock's case which made Shock's case appear to be worse than appellant's. However, appellant conveniently ignored those factors unique to his case which make his case as deserving of the "worst form" characterization as Shock's. The victim's statement to the court revealed that she and her elderly mother have suffered serious psychological and emotional harm as a result of the violation of the sanctity and security of their home and the subsequent rape. Furthermore, appellant's case presents factors absent from Shock's case which are relevant to the seriousness of the offense and supportive of the court's finding that appellant committed the worst form of the offense. Those factors include the premeditation involved, appellant's breaking into the victim's home in the middle of the night, and appellant's use of a knife.
Pursuant to R.C. 2953.08(F), we have reviewed the entire record including the transcript of the change of plea and sentencing hearings, the pre-sentence investigation report, and the court's sentencing decision. We conclude that the court's stated reasons and findings support imposition of the maximum term in this case. The record before us does not clearly and convincingly support a conclusion to the contrary. Accordingly, appellant's second assignment of error is without merit.
The judgment of the trial court is hereby affirmed.
Hon. Gene Donofrio, Hon. Joseph J. Vukovich, Hon. Cheryl L. Waite, JUDGES.
Vukovich, J., concurs
Waite, J., concurs
APPROVED:
 ------------------------- Gene Donofrio Presiding Judge
[1] Although not controlling of this appeal, we note that effective March 10, 1998, any rape offense carries a mandatory minimum sentence of three years. R.C. 2929.13(F)(2) as amended by Am.Sub.H.B. No. 111.