OPINION
Appellant, Lonnie Chambers, brings an action pursuant to Senate Bill 2 to vacate the nine-month sentence of incarceration he was given by Judge Suster. He contends the Judge failed to enumerate the reasons for his sentence and its duration. For the following reasons we agree, reverse and remand.
Chambers, then age 20, was charged with carrying a loaded concealed weapon, and possession of criminal tools. On December 12, 1997, he pleaded guilty to carrying a concealed weapon, a fifth-degree felony, and the remaining charge was nolled. On January 8, 1998, the judge reviewed the presentence report and imposed a sentence of nine months in the Lorain Correctional Institution. The shortest definite sentence for a fifth-degree felony is six months.
Appellant's sole assignment of error states:
 THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO A PRISON TERM FOR A FIFTH-DEGREE FELONY.
The discretionary power of a court of appeals to modify or vacate a lower courts sentence is conferred by R.C. 2953.08, which provides in pertinent part:
 (A) In addition to any other right to appeal and except as provided in division (D) of this section, a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right the sentence imposed upon the defendant on one of the following grounds:
 (2) The sentence consisted of or included a prison term, the offense for which it was imposed is a felony of the fourth or fifth degree * * * and the court did not specify at sentencing that it found one or more factors specified in divisions (B)(1)(a) to (h) of section 2929.13 of the Revised Code to apply relative to the defendant.
Under this section, unless this Court finds by clear and convincing evidence that the trial court failed to specify the enumerated factors underlying incarceration, it will not be overturned. State v. Assad (June 11, 1998), Cuyahoga App. Nos. 72648, 72649, unreported.
Under, the guidelines of Senate Bill 2, when confronted with a fifth-degree felony, the trial judge must first consider whether any of the factors listed in R.C. 2929.13(B)(1), apply to the particular case. R.C. 2929.13(B)(1) states:
 (a) In committing the offense, the offender caused physical harm to a person.
 (b) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.
 (c) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.
 (d) The offender held a public office or position of trust and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.
 (e) The offender committed the offense for hire or as part of an organized criminal activity.
 (f) The offense is a sex offense that is a fourth or fifth degree felony violation of section 2907.03, 2907.04, 2907.05, 2907.22, 2907.31, 2907.321, 2907.322, 2907.323, or 2907.34 of the Revised Code.
(g) The offender previously served a prison term.
 (h) The offender previously was subject to a community control sanction, and the offender committed another offense while under the sanction.
If the trial court determines that any one of the factors listed above is present, it must then proceed, pursuant to R.C.2929.13(B)(2)(a), to consider the factors listed in R.C. 2929.12
relating to the seriousness of the conduct, the likelihood of recidivism and any other factors indicating that a prison term is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11. The trial court can impose, thereafter, a sentence of incarceration only after a finding that the offender is not amenable to community control sanctions. State v. Ditterline
(September 5, 1997), Wash. App. No. 96CA47, unreported.
If the court determines that none of the enumerated factors in R.C. 2929.13(B)(1) are present, it must still, pursuant to R.C.2929.13(B)(2)(b), consider the seriousness and recidivist factors in R.C. 2929.12, and must impose only community controlled sanctions or a combination of community controlled sanctions, unless under R.C. 2929.11, it "determines that community controlled sanctions are not consistent with the principles of sentencing. Only with that finding can it impose a term of imprisonment. Statev. Howard (September 11, 1998), Hamilton App. No. C-971049, unreported.
In the case sub judice, the record indicates that the trial court reviewed the pre-sentence report, stated Chamber' prior adjudication as a delinquent and considered his most recent arrest as well as his abuse of alcohol, PCP, marijuana and crack in addition to two recent arrests for drugs. He also noted an extensive history of traffic offenses. This appears to be the basis for the sentence.
Although these factors are pertinent and should be considered, they do not rise to the level of statutory compliance under Senate Bill 2. R.C. 2929.19 mandates that the judge specifically state for the record the applicable reasons underlying the sentence and the sections in which those factors may be found.
As none of the factors in R.C. 2929.13(B)(1) are present in the Chambers case, it is possible they were considered by the judge and not discussed, as none applied. If he then proceeded to R.C. 2929.13(B)(2)(b), he would be required to consider the following:
R.C. 2929.12(A) states:
 (A) Unless a mandatory prison term is required by division (F) of section 2929.13 or section 2929.14
of the Revised Code, a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code. In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct and the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing.
The applicable factors to the Chambers case are found in division (D) of that section and state:
 (D) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:
 (2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code, or the offender has a history of criminal convictions.
 (3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.
 (4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.
The purposes of felony sentencing are set forth in R.C.2929.11, which provides:
 (A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.
 (B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.
As the record is silent on why the trial court did not consider community controlled sanctions or the applicable reasons for the enhancement of Chamber' sentence or state the section or sections in which those factors may be found, it is clear that the trial judge did not comply with the mandates of House Bill 2.
R.C. 2929.19, the sentencing hearing statute, states in pertinent part:
 (B) (2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 (a) * * * if it imposes a prison term for a felony of the fourth or fifth degree, * * *, its reasons for imposing the prison term, based upon the overriding purposes and principles of felony sentencing set forth in section 2929.11 of the Revised Code, and any factors listed in divisions (B)(1)(a) to (h) of section 2929.13
of the Revised Code that it found to apply relative to the offender.
Furthermore, R.C. 2929.14(B) provides:
 (B) Except as provided in division (C), (D)(2), (D)(3), or (G) of this section, in section 2907.02 of the Revised Code, or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others. [Emphasis added.]
Generally, a trial court cannot be said to have abused its discretion if the sentence is authorized by statute. State v.Cassidy (1984), 21 Ohio App.3d 100, 102, 487 N.E.2d 322. As a result, an "appellate court may only modify or vacate a lower court's felony sentence if it clearly and convincingly finds the sentence to be unsupported in the record, contrary to the guidelines-in R.C. 2929.13, or otherwise contrary to law." Assad,supra. Further, even under the earlier sentencing statute this court has held that the record must indicate that the court considered the [statutory] sentencing criteria." State v. Turner (1987), 37 Ohio App.3d 38, 40, 523 N.E.2d 326.
It is incumbent upon the trial court to carefully follow the guidelines of S.B. 2, and state, for the record: (1) the relevant and applicable factors enumerated in the code; (2) whether a defendant is amenable to community controlled sanctions; (3) whether, as a result, defendant is or is not a candidate for incarceration; and (4) why the shortest prison term was not imposed. Absent a specific and complete finding, citing reasons supporting the sentence, it is impossible for an appellate court to conduct a proper review.
The record clearly and convincingly shows that the trial court did not comply with the mandates of Senate Bill 2 and R.C. 2929. Accordingly, appellant's assignment of error is affirmed, and the case is remanded for re-sentencing.
Judgment reversed and remanded.
It is ordered that appellant recover of appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, J.
DIANE KARPINSKI, J., CONCUR;
JAMES M. PORTER, A.J., CONCURS IN JUDGMENT ONLY.