OPINION
Defendant, Charles Laster, appeals from his conviction and sentence for aggravated robbery and felonious assault.
After Defendant and his accomplice beat and shot their victim, they stole the victim's vehicle and fled the scene. Defendant was arrested and indicted on one count of Aggravated Robbery, R.C. 2911.01(A)(1), one count of Felonious Assault, R.C. 2903.11(A)(2), and one count of Burglary, R.C. 2911.12(A)(3). A firearm specification was attached to the aggravated robbery and felonious assault charges.
Defendant filed a motion to suppress statements he made to the police. The trial court granted the motion to suppress as to Defendant's written statements but denied the motion to suppress with respect to Defendant's oral statements.
Defendant entered guilty pleas to the aggravated robbery and felonious assault charges. In exchange, the State dismissed the burglary charge and the firearm specifications attached to the aggravated robbery and felonious assault charges. The trial court subsequently sentenced Defendant to eight years imprisonment on both the aggravated robbery and felonious assault charges, the sentences to be served concurrently.
We subsequently granted Defendant leave to file a delayed appeal per App.R.5(A). Defendant's appellate counsel filed an Anders brief, Anders v. California (1967), 386 U.S. 738, asserting that he could find no meritorious issues for appellate review. We advised Defendant of his appellate counsel's representations and afforded him ample time to file a pro se brief. None has been received.
In his Anders brief, Defendant's appellate counsel identifies two possible issues for appeal. First, counsel suggests that the trial court erred in not granting Defendant's motion to suppress in its entirety. By pleading guilty, however, Defendant waived his right to appeal any adverse ruling on his motion to suppress evidence. State v. Johnson (July 7, 2000), Montgomery App. No. 18177, unreported; Huber Heights v. Duty (1985), 27 Ohio App.3d 244.
As a second possible issue for appeal, Defendant's appellate counsel suggests that the trial court abused its discretion in sentencing. Appellate courts will not disturb the trial court's exercise of its discretion in sentencing where the sentence imposed is within the permissible statutory limits. Miamisburg, v. Smith (1982),5 Ohio App.3d 109.
The sentences imposed on Defendant were within statutory limits for the offenses involved. They were ordered to run concurrently, not consecutively, and they did not represent the maximum sentence the trial court could have imposed. Moreover, prior to imposing sentence the trial court stated that it had reviewed the presentence investigation report. That is sufficient to demonstrate that the trial court considered the mandatory statutory sentencing factors. State v. Turner (1987),37 Ohio App.3d 38.
An abuse of discretion is more than a mere error of law or an error in judgment. It implies an arbitrary, unreasonable, unconscionable attitude on the part of the trial court. State v. Adams (1980), 62 Ohio St.2d 151. On this record, nothing approaching an abuse of discretion has been demonstrated.
In addition to reviewing the potential issues raised by Defendant's appellate counsel, we have conducted an independent review of the record in this case. We have found no prejudicial error in the proceedings of the trial court which deprived Defendant of a fair trial. Accordingly, the judgment of the trial court will be affirmed.
 __________________ GRADY, J.
BROGAN, J. and YOUNG, J., concur.