JOURNAL ENTRY AND OPINION
Appellant, Eugene Pinkerton, is appealing his conviction for involuntary manslaughter and felonious assault. He contends the trial court erred in denying his motion to withdraw his guilty plea. For the following reasons, we affirm.
Appellant was charged with aggravated murder with a firearm specification, felonious assault with firearm and violence specifications, and carrying a concealed weapon. He was also charged with drug violations and receiving stolen property under other case numbers. Appellant pled guilty to involuntary manslaughter during the commission of a felony and felonious assault. All the other charges were nolled. As part of the plea agreement, appellant agreed to testify for the State against a co-defendant.
Appellant was informed of his rights and the consequences of his plea pursuant to Crim.R. 11. Appellant stated that he was satisfied with his lawyers.
One week after the guilty plea, and before the sentencing, appellant filed a motion to withdraw his plea. The motion stated that his attorney misled him into pleading guilty by showing him false witness statements. Appellant later learned that there was no one testifying against him. The court denied the motion in a journal entry dated July 28, 1992.
At the sentencing hearing on August 27, 1992, the trial court stated that the motion to withdraw the plea was summarily denied. Nevertheless, the court gave appellant the opportunity to express the basis for vacating the plea.
Appellant stated that his attorneys told him he could not win the case, whether he was innocent or not. His attorneys told him that witnesses were pointing the finger at him. Appellant's attorneys did not give him any of the evidence until after he pled guilty. Also, after appellant pled guilty, appellant's co-defendant pled guilty to the murder. Appellant felt that he could not be found guilty if his co-defendant had pled guilty. Appellant was aware that the man who pled, guilty to the murder would testify against appellant if the court vacated appellant's plea.
Appellant's attorneys stated they did not make any misrepresentations to appellant.
The judge denied the motion. The judge stated that he knew appellant's attorney shared all the facts with appellant at pre-trial.
Appellant's sole assignment of error states:
 WHETHER THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO VACATE/WITHDRAW HIS PLEA WHERE THERE WAS A SIGNIFICANT CHANGE IN THE FACTUAL CIRCUMSTANCES BETWEEN THE TIME OF THE ENTRY OF THE PLEA AND BEFORE THE MOTION TO VACATE/WITHDRAW AND SENTENCING SUCH AS A CO-DEFENDANT PLEADING GUILTY TO THE SAME OFFENSE AND WHERE THERE WAS NO MEANINGFUL HEARING ON THE MOTION TO VACATE/WITHDRAW BY THE TRIAL COURT.
We will first address appellant's contention that no meaningful hearing took place. On presentence motion to withdraw a guilty plea, the trial court must conduct a hearing. State v. Xie
(1992), 62 Ohio St.3d 521. Appellant was afforded an opportunity to address the reasons why withdrawal should be allowed, thus appellant had a fair hearing. See State v. Maistros (March 25, 1982). Cuyahoga App. No. 43835, unreported; State v. Ezell (Feb. 4, 1988), Cuyahoga App. No. 53257, unreported. Appellant did not attempt to present any evidence or request an extension of time to present additional evidence. Thus, the hearing on the appellant's motion was fair and complete. See Maistros, Ezell,supra.
The trial court's summary denial and journal entry denying the motion prior to hearing may have resulted in lack of notice for appellant to prepare for the hearing. However, appellant did not object at trial or argue on appeal that he had additional evidence to present. Appellant has not demonstrated any prejudice from the trial court entering a summary denial, but then subsequently permitting a hearing.
Next, we must examine whether the trial court erred in denying the motion to withdraw the plea. A motion to withdraw a plea filed prior to sentencing should be freely allowed. See State v.Peterseim (1900), 68 Ohio App.2d 211. However, the decision to grant or deny a presentence motion to withdraw a guilty plea is in the sound discretion of the trial court. State v. Xie (1992),62 Ohio St.3d 521. The trial court must determine whether there is a reasonable and legitimate basis for withdrawal of the plea. Id. A mere change of heart is insufficient justification. Statev. Drake (1991), 73 Ohio App.3d 640, 645. The good faith, credibility and weight of the movant's assertions are matters to be resolved by the trial court. State v. Smith (1977), 49 Ohio St.2d 261.
In considering a motion to set aside a plea the trial court should consider: (1) prejudice to the prosecution; (2) whether the accused is represented by highly competent counsel; (3) whether a full Crim.R. 11 hearing took place; (4) whether a full hearing on the motion took place; (5) whether the court gave full and fair consideration to the motion; (6) whether the motion was made in a reasonable time; (7) whether the motion states specific reasons for withdrawal; (8) whether the accused understood the nature of the charges and the possible penalties; and (9) whether the accused was perhaps not guilty or had a complete defense.State v. Fish (1995), 104 Ohio App.3d 236; see State v. Curtis
(Apr. 11, 1985), Cuyahoga App. No. 48635, unreported.
Appellant had a complete Crim.R. 11 hearing, and understood the nature of the charges and possible penalties. As discussed above, appellant had a full hearing on the motion. The trial court gave full and fair consideration to the motion.
Appellant asserted that his attorneys falsely told him that witnesses would testify against him, and he never received the witness list until after he pled guilty. Appellant admitted he knew his co-defendant would testify against him. The trial judge stated that he knew appellant was given all the facts at the pretrial. Appellant's attorneys denied making any misrepresentations. The trial judge could reasonably find that appellant was informed of the witnesses who would testify against him. Matters of credibility should be resolved by the trial court.
Appellant asserted that he could not be found guilty if his co-defendant pled guilty. Appellant may have been found guilty of complicity. See R.C. 2923.03. Appellant did not demonstrate that the facts were such that if his co-defendant was guilty, appellant could not be found guilty. We conclude that the trial court did not abuse its discretion in denying appellant's motion to withdraw the plea.
Accordingly, this assignment of error is overruled.
We will also consider appellant's pro se assignments of error.
Appellant asserts that the trial court improperly sentenced him to eight to fifteen years on the charge of felonious assault. Felonious assault is an aggravated felony of the second degree. R.C. 2903.11. A sentence of three, four, five, six, seven, or eight to fifteen years could be imposed. R.C. 2929.11(B)(2). The sentence for felonious assault was proper.
Appellant contends his attorney was ineffective for failing to challenge the plea of involuntary manslaughter as to whether appellant caused a death during commission of a felony. See R.C.2903.04. Appellant pled guilty to felonious assault. Felonious assault may serve as the underlying predicate offense for an involuntary manslaughter charge. See State v. Rance (1999),85 Ohio St.3d 632, 639. Additionally, by pleading guilty, appellant admitted the facts contained in the indictment. See Crim.R. 11 (B)(1); State v. Walton (1990), 66 Ohio App.3d 243, 250. The trial court was not required to hear testimony. See Crim.R. 11 (C)(4).
Appellant asserts the trial court did not comply with Crim. R. 11(C) because the sentence for felonious assault was improper and it was never established that appellant caused a murder during commission of a felony. As discussed above, these two arguments are without merit. The trial judge fully informed appellant of the consequences of the plea and the rights appellant was waiving, pursuant to Crim.R. 11.
Appellant asserts that the trial court can not accept a plea to involuntary manslaughter, when the Grand Jury found a prior calculation and design rather than causing a murder during commission of a felony. The indictment was amended to involuntary manslaughter, and appellant agreed to this amendment.
Contrary to appellant's assertions, the journal entry showed findings relative to each charge, and did not violate Crim.R. 32 (B).
Accordingly, appellant's pro se assignments of error are overruled.
The decision of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KARPINSKI, J., ANDPATTON, J., CONCUR.
___________________ ANN DYKE PRESIDING JUDGE