OPINION.
On June 11, 1999, John Walker entered no-contest pleas to forty-four counts of sexual battery, R.C. 2907.03(A)(7), of which counts eighteen through forty-four had attached to them sexually-violent-predator specifications. The trial court found Walker guilty on all counts, but not guilty on the accompanying specifications. The trial court did, however, find that Walker is a sexual predator.
Walker was subsequently sentenced to a period of confinement of not less than two years on each of counts one and two,[1]
and to five years on each of counts three through forty-four. The court also imposed a fine of $2,500 on each of the forty-four counts. The trial court further specified at the sentencing hearing and in the judgment entry sentencing Walker that all sentences were to run concurrently. The court also set forth in its written entry the sum total of the financial sanctions imposed for all forty-four counts — $110,000.
On appeal to this court, Walker claims in a single assignment of error that the trial court violated his Crim.R. 43(A) right to allocution when it imposed a different sentence in open court than it did in its written judgment entry. Walker contends that when the court ordered his sentences served concurrently, his financial sanctions were to be satisfied concurrently as well. Thus, he argues that the language in the judgment entry, which set forth the total sum of the financial sanctions imposed, was a different sentence than the one imposed by the court at the sentencing hearing. We disagree.
In a criminal prosecution, "the defendant shall be present at the arraignment and every stage of the trial, including the impaneling of the jury, the return of the verdict, and theimposition of sentence, except as otherwise provided by these rules." (Emphasis added.) Crim.R. 43(A). A violation of Crim.R. 43(A) is a violation of the defendant's due process rights, which requires a reviewing court to reverse and remand the case for resentencing. See State v. Walton (1990), 66 Ohio App.3d 243,583 N.E.2d 1106. Thus, our review is limited to a determination of whether the journal entry sentencing the defendant reflects accurately the sentence that was pronounced in open court. If the journal entry differs from the sentence announced in open court, the judgment entry must be invalidated. See State v. Carpenter
(Oct. 9, 1996), Hamilton App. No. C-950889, unreported.
As pointed out correctly by Walker in his brief, a "sentence" consists of a "sanction or combination of sanctions imposed by the sentencing court on an offender." R.C. 2929.01(GG). A "sanction" is
 any penalty imposed upon an offender who is convicted of or pleads guilty to an offense, as punishment for the offense. "Sanction" includes any sanction imposed pursuant to any provision of sections 2929.14 to 2929.18 of the Revised Code.
R.C. 2929.01(FF). Thus, fines and periods of confinement are separate sanctions, which may be imposed collectively upon a defendant as a sentence.
Although "sentence" and "sanction" are defined in the Revised Code, the state pointed out correctly that the term "concurrent sentence" is not defined by the Code. Black's Law Dictionary defines "concurrent sentences" as "two or more sentences of jailtime to be served simultaneously." (Emphasis added.) Black's Law Dictionary (7 Ed.Rev. 1999) 1367. Therefore, the term "concurrent sentences," or a pronouncement by a court that sentences shall be served concurrently, applies only to periods of confinement and not to the imposition of other sanctions. Further support for this holding is found within the Revised Code.
Except as provided in R.C. 2929.14(E), all periods of confinement must be served concurrently. See R.C. 2929.41(A). Only when a court makes the requisite findings pursuant to R.C.2929.14(E)(4) may the court impose consecutive periods of confinement. Thus, when imposing a sentence that includes periods of confinement, the trial court need not state that the periods run concurrently, because that will occur by operation of law unless the requisite findings are made. Stating that sentences run concurrently is, therefore, superfluous.
Unlike the sentencing statutes controlling periods of confinement, R.C. 2929.18 allows the trial court to impose a financial sanction, or financial sanctions, independent of prison terms. Throughout R.C. 2929.18, there is mention of fines, mandatory fines, and additional fines. Conspicuously absent from the financial-sanction statute, or anywhere else in the Revised Code, is any mention of a "concurrent fine," or of a requirement that the court impose "concurrent fines" unless certain findings are made. In fact, once a financial sanction has been imposed as part of a sentence, it may not be suspended, in whole or in part, until the court "finds that an offender satisfactorily has completed all other sanctions imposed upon the offender and that all restitution that has been ordered has been paid as ordered * * *." R.C. 2929.18(G). Therefore, by operation of law, the imposition of a fine on each count means that the offender must pay the imposed financial sanction for each count until or unless the financial sanction is suspended.
The record reflects that a sanction of confinement and a financial sanction were imposed for all forty-four counts of sexual battery. At the sentencing hearing, the trial judge pronounced the following sentence:
 The court imposes a sentence on counts one and two, a sentence of two years in the Department of Rehabilitation and Corrections and a fine of $2,500 on each count. As to counts three through forty-four, the court will impose a sentence of five years in the Department of Rehabilitation and Corrections on each count and a similar fine of $2,500 on each count. All sentences shall be served concurrently. [Emphasis added.]
A judgment entry sentencing Walker was journalized on the same day the sentencing hearing was held. The relevant portion of that judgment entry reads in this manner:
 It is therefore ordered, adjudged and decreed, that the defendant be and hereby is sentenced to confinement in the Ohio State Penal System for a period of not less than as to counts #1 2: two (2) years, as to Counts #3-44: five (5) years, to be served concurrently to one another.
 It is further ordered, that the defendant shall pay a fine of $2,500.00 on each of 44 counts, for a total fine of $110,000.00. [Emphasis added.]
It is apparent that the trial court correctly imposed a financial sanction of $2,500 on each count. Had the trial court intended that Walker pay only one financial sanction, it could have imposed that sanction on just one of the forty-four counts. It did not. Since a trial court may not suspend any portion of a financial sanction until all other sanctions have been completed, the statement by the court at the sentencing hearing and in the judgment entry that all sentences were to run concurrently may not be construed as a means to suspend any portion of the financial sanctions imposed upon Walker. Furthermore, we note that while one can "serve" a period of confinement, it is impossible to "serve" a financial sanction. It logically follows that a financial sanction cannot be "served" concurrently.
Based upon the foregoing, we hold that setting forth the sum total of the financial sanctions in the judgment entry did not change in any way the sentence imposed upon Walker at the sentencing hearing. The judgment entry is valid and properly reflects the pronouncement of Walker's sentence at his sentencing hearing. Because we hold that there was no violation of Crim.R. 43(A), we overrule Walker's assignment of error and affirm the judgment of the trial court.
Doan, P.J., and Shannon, J., concur.
Rupert A. Doan, Ralph Winkler, and Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
Please Note:
The court has placed of record its own entry in this case on the date of the release of this Opinion.
[1] Walker received a different sentence for counts one and two, because the activities that gave rise to those counts of sexual battery occurred prior to the change in Ohio's felony-sentencing guidelines.