OPINION
Defendant-appellant, Jody Hess, appeals her sentence, following a guilty plea, for theft and escape.
On November 19, 1998, a Jefferson County Grand Jury returned an indictment against appellant setting forth three counts. Count 1 was for theft of property with a value of more than five hundred dollars but less than five thousand dollars, in violation of R.C. 2913.02(A)(2), a felony of the fifth degree. Count 2 was for escape, in violation of R.C.2921.34(A)(1), a felony of the third degree. Count 3 was for possession of drug paraphernalia, in violation of R.C. 2925.14(C)(1), a misdemeanor of the fourth degree.
Pursuant to a plea agreement, appellant pleaded guilty to the theft and escape charge on November 10, 1998. Appellee moved to have the drug paraphernalia charge dismissed.
The trial court conducted a sentencing hearing on January 4, 1999. At the hearing, the court sentenced appellant to eleven months in prison for the theft conviction and three years in prison for the escape conviction, both sentences to run concurrently. In a judgment entry of sentence filed by the court on January 5, 1999, the court ordered that the sentences run consecutively. This appeal followed.
Appellant's first assignment of error states:
 "The trial court erred and violated Ms. Hess's constitutional rights by increasing her sentence outside of her presence. (Sentencing TR at 29; January 5, 1999 Sentencing Entry)."
Appellant argues that the trial court's sentencing entry is invalid because it does not reflect the sentence imposed at the hearing. Specifically, appellant maintains that at the sentencing hearing the court sentenced her to concurrent terms, whereas, in its sentencing entry, it sentenced her to consecutive terms. Appellant argues that this was a modification of her sentence and that since it was done outside her presence was a denial of due process.
Appellee argues that appellant misinterprets what took place at the sentencing hearing. Appellee cites that portion of the sentencing hearing transcript where appellant asks the court, "That's four years?" and the court responds "Yes, ma'am." (Tr. 30.)
"A court of record speaks only through its journal entries." Gaskinsv. Shiplevy (1996), 76 Ohio St.3d 380, 382. Therefore, the judgment entry and not the open court pronouncement of sentence is the effective instrument for sentencing a criminal defendant. State v. Carpenter (Oct. 9, 1996), Hamilton App. No. C-950889, unreported, 2000 WL 543801 at *2. In a criminal prosecution, "the defendant shall be present at the arraignment and every stage of the trial, including the impaneling of the jury, the return of the verdict, and the imposition of sentence, except as otherwise provided by these rules." Crim.R. 43(A). A violation of Crim.R. 43(A) is a violation of the defendant's due process rights, which requires a reviewing court to reverse and remand the case for resentencing. State v. Walton (1990), 66 Ohio App.3d 243 . In a case involving consecutive sentences the Tenth District held that the sentencing court's written modification of the sentences pronounced in open court constituted reversible error. State v. Jones (Mar. 18, 1999), Franklin App. No. 98AP-639, unreported, 1999 WL 155703.
In this case, the trial court specifically stated that the sentences were "going to run concurrently with each other." (Tr. 29.) However, in its January 5, 1999, sentencing entry, the court imposed consecutive prison terms. Regardless of appellant's actual or perceived understanding of the total amount of time she would have to serve, it cannot be ignored that the court's pronouncement in open court differed from its sentencing entry. In open court the import of the court's imposition of concurrent sentences meant that appellant would have to serve only three years. In contrast, the import of the court's sentencing entry is that appellant would have to serve three years and elevens months. The court effectively modified appellant's sentence by eleven months and since it did so outside her presence, violated Crim.R. 43(A).
Accordingly, appellant's first assignment of error has merit.
Appellant's second assignment of error states:
 "The trial court erroneously imposed consecutive sentences upon Ms. Hess without stating the requisite findings and supporting the findings with reasons at the sentencing hearing and in the sentencing entry. (Sentencing TR; January 5, 1999 Sentencing Entry)."
Appellant argues that the trial court did not make the necessary findings for imposition of consecutive sentences.
Appellee responds arguing that the court did make the requisite findings at the sentencing hearing and in its sentencing entry.
R.C. 2929.14(E)(4) provides:
 "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
R.C. 2929.19(B)(2) provides:
 "The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
"* * *
 "(c) If it imposes consecutive sentences under section 2929.14 of the Revised Code, its reasons for imposing the consecutive sentences[.]"
Also, "R.C. 2929.19 mandates that the court make findings supporting its sentence on the record at the sentencing hearing." State v. Martin
(1999), 136 Ohio App.3d 355, 362.
In this case, the trial court's sentencing entry makes the requisite findings for imposition of consecutive sentences. However, at the sentencing hearing, the court made no reference to the requirements for imposition of consecutive sentences nor did it make any findings stating its reasons for imposition of consecutive sentences. Therefore, pursuant to R.C. 2929.19(B)(2)(c) and Martin, supra, appellant's sentence is contrary to law.
Accordingly, appellant's second assignment of error has merit.
The judgment of the trial court is hereby reversed and this matter is remanded for resentencing.
Waite, J., concurs
DeGenaro, J., concurs