CITY OF COLUMBUS, APPELLEE, *v.* ROWLAND, APPELLANT.

(No. 80AP-635—Decided June 23, 1981.)

Mr. Gregory S. Lashutka, city attorney, Mr. Ronald J. O'Brien, city prosecutor, and Mr. David E. Tingley, for appellee.

Mr. John H. Lewis, for appellant.

WHITESIDE, J. Defendant appeals from his conviction of disorderly conduct in the Franklin County Municipal Court and raises two assignments of error as follows:

"I. The trial court erred in not reducing the charge to a minor misdemeanor at the end of the prosecution's case, and erred in finding defendant guilty of more than a minor misdemeanor at the end of all the evidence.

"II. The trial court erred in its method of apparently attempting to correct an illegal sentence pointed out in the Motion for New Trial by a modification without the presence of defendant or counsel which, in effect, increased the penalty."

The affidavit charged defendant with a violation of C.C. 2317.01(A)(5) alleging that he did "recklessly cause annoyance and alarm to another * * * by creating a condition which was physical offense [*sic*] to person, to wit: kissed her on the mouth and placed his hand between her legs, by an act which served no lawful and reasonable purpose to himself, and having persisted after a reasonable request to desist." [Columbus Code 2317.01(A)(5).]

C.C. 2317.01(E), with respect to the degree of the offense, provides as follows:

"Whoever violates this section is guilty of disorderly conduct, a minor misdemeanor. If the offender persists in disorderly conduct after reasonable warning or request to desist, disorderly conduct is a misdemeanor of the fourth degree."

The victim testified that, after defendant grabbed her in his arms and kissed her the first time, she tried to pull away and told him to quit. He did not quit but, instead, kissed her again and placed his hands between her legs. Assuming that defendant's conduct is the type contemplated by C.C. 2317.01(A)(5), there was sufficient evidence of persistence after a reasonable request to desist to change the degree of the crime from a minor misdemeanor to a fourth-degree

misdemeanor. No issue has been raised as to whether defendant's conduct is contemplated by C.C. 2317.01(A)(5) possibly because defendant's conduct could be argued to constitute sexual imposition in violation of R.C. 2907.06(A)(1), a misdemeanor of the third degree. Accordingly, the first assignment of error is not well taken.

The second assignment of error raises a more vexing issue. Originally, the trial court imposed a sentence consisting of a $150 fine plus confinement in the workhouse for thirty days but with authorization for work release so that defendant could maintain his employment. Thereafter, defendant filed a motion for a new trial, in which he raised two issues as to the merits, with the third issue pertaining to the sentence. With respect to the sentence, in his motion for new trial defendant contended the sentence was inconsistent with R.C. 2929.22, which provides that, where imprisonment has been imposed for a misdemeanor, no fine shall be imposed unless specifically adapted to deterrence, or the correction of the offender, or the offense has resulted in physical harm to persons or property. In the course of the argument in the memorandum in support of the motion, defendant's counsel referred to the sentence as being "unduly harsh." In overruling defendant's motion for new trial, the trial court made the following "half-sheet" entry:

"Motion for new trial overruled. Fine of $150.00 suspended. Order of 6-30-80 granting work-release privileges stricken. Sentence of 30 days in work-house to stand."

Defendant contends that this was error. We agree.

First, there was no hearing in connection with the change of sentence, and the record reflects no conceivable basis for the more harsh punishment of imprisonment imposed (that is striking work-release privileges) than possible rancor of the trial judge precipitated by defendant's motion and the characterization of the sentence as being unduly harsh.

While a judge may, when the circumstances require, set aside and modify a sentence previously imposed even so as to impose a more severe sentence, there are no factors justifying such action in this case. In *In re Fenwick* (1924), 110 Ohio St. 350, the Supreme Court held that the court could correct an illegal sentence which had not yet been journalized on the same day that the original sentence was imposed where the court did so in open court with the defendant present and with a full explanation of the reason for the resentencing. *Lee v. State* (1877), 32 Ohio St. 113, held that the court may modify a sentence for a misdemeanor where it originally acted upon a misapprehension of the facts necessary and proper to be known in fixing the penalty where it did so before the original sentence had gone into operation or any action had been taken with respect to it. Again, in *Lee*, the change of sentence was made in open court with the defendant present and presumably a full explanation being made at that time.

Here, no hearing was conducted, but, rather, the matter was considered only upon defendant's motion for a new trial and his memorandum in support thereof, the record reflecting no opposing memorandum being filed by the prosecution, and no hearing being held, although one was scheduled for a time seven days after the trial court ruled upon the motion for new trial and changed the sentence so as to impose a harsher sentence. Crim. R. 43(A) specifically requires that the defendant be present at every stage of the proceedings, including the imposition of sentence, and this applies where one sentence is vacated and a new sentence imposed. There is no contention by the prosecution that this was a proper situation for the imposition of a fine in addition to imprisonment, and the trial court apparently conceded that the fine was not properly imposed, at least there is no

basis reflected in the record for imposition of a fine, and the trial court, when the matter was called to its attention, "suspended" the fine.

Accordingly, the second assignment of error is well taken to the extent that the trial court erred in modifying the sentence of imprisonment by vacating the work-release portion thereof.

For the foregoing reasons, the first assignment of error is overruled, and the second assignment of error is sustained; and the judgment of the Franklin County Municipal Court is modified so as to adjudge defendant guilty of the offense charged and to impose the original sentence insofar as it imposed imprisonment of thirty days in the workhouse with work-release privileges; and this cause is remanded to that court for implementation and execution of the modified judgment, with the costs of this appeal to be assessed against the city.

*Judgment modified and cause remanded.*

STRAUSBAUGH, P.J., and NORRIS, J., concur.