The STATE of Ohio, Appellee,

v.

WALTON, Appellant.

[Cite as *State v. Walton* (1990), 66 Ohio App.3d 243.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 57489.

Decided Feb. 27, 1990.

244

*John T. Corrigan,* Prosecuting Attorney, and *George J. Sadd,* Assistant Prosecuting Attorney, for appellee.

*Rhoa, Follen & Rawlin Co., L.P.A.,* and *Mark R. Bandsuch,* for appellant.

---

JOHN F. CORRIGAN, Judge.

Defendant Howard L. Walton appeals from a sentence imposed following plea proceedings. For the reasons set forth below, the sentence is reversed and the matter is remanded to the trial court for further proceedings.

## I

On August 28, 1987, defendant was indicted pursuant to a two-count indictment charging him with carrying a concealed weapon and a violence specification in count one, and having a weapon while under disability with gun and violence specifications in count two. Defendant initially entered pleas of not guilty to the charges, but subsequently entered into a plea agreement with the state whereby count one of the indictment would be nolled in exchange for defendant's guilty plea to count two.

On March 29, 1988, the plea was presented to the trial court, and the following exchange took place:

"THE COURT: All right. Howard Walton, on Case No. CR 220615, how do you plead to the second count, having a weapon while under disability with a gun specification? Are you guilty of that?

"THE DEFENDANT: Yes, sir.

"THE COURT: Are you guilty?

"THE DEFENDANT: Yes, sir.

"THE COURT: All right then."

Thus, the trial court made no reference to, and defendant entered no plea to the violence specification contained within count two. The court's journal entry for the plea likewise reflected this omission, and also failed to mention the gun specification as it provided:

"Thereupon, said defendant retracts his/her former plea of not guilty heretofore entered, and for plea to said indictment says he/she is guilty of having weapon under disability, R.C. 2023.13 [*sic*, 2923.13] count two. Which plea/pleas, on the recommendation of the prosecuting attorney is/are accepted by the court."

At the subsequent sentencing hearing, held on May 11, 1988, the court stated that it was sentencing defendant to "three years * * *, plus one-and-a-half years on the CCW," indicating that sentence was being imposed for the previously nolled charges contained in count one. The journal entry for the sentencing mirrored the plea proceedings, however, as it provided:

"The defendant herein having, on a former day of court entered plea of guilty to count two, having weapon under disability, with gun specification, R.C. 2923.13, was this day in open court with his/her counsel present.

"It is therefore, ordered and adjudged by the court that said defendant Howard L. Walton, is sentenced to the Correctional Reception Center, Orient, Ohio, for term of one and one-half (1 + ½) years, plus three (3) years actual time for gun specification. All time to run consecutive. Pay court costs."

Thus, both the journal entry pertaining to the plea and the journal entry pertaining to the sentencing demonstrate that no disposition was made of the violence specification contained within count two.

On October 7, 1988, defendant moved the court to resentence him, alleging that the sentence imposed was outside the mandates of R.C. 2923.13 and 2929.11. In response, the trial court issued a "corrected" journal entry on March 9, 1989, which provided in pertinent part as follows:

"To correct entry of May 11, 1988, defendant Howard L. Walton, sentenced to 1½ to 5 years at Correctional Reception Center plus 3 years actual time for gun specification, time to run consecutive."

Defendant now appeals, assigning two errors.

## II

Defendant first contends that the trial court erred in imposing its original sentence on May 11, 1988, as a definite term of imprisonment will not support three years of actual incarceration for a gun specification.

This claim is meritorious, as R.C. 2929.71(A) expressly provides that a term of actual incarceration for a gun specification cannot be imposed absent indefinite term of imprisonment for an underlying felony. See, also, *State v. Tyson* (1984), 19 Ohio App.3d 90, 92–94, 19 OBR 175, 177–179, 482 N.E.2d 1327, 1329–1331; *State v. Hall* (1984), 21 Ohio App.3d 52, 53, 21 OBR 55, 56, 486 N.E.2d 189, 190. We cannot conclude that this error was prejudicial, however, as defendant subsequently sought and obtained resentencing after this erroneous sentence was imposed. Crim.R. 52(A).

### III

In his second assignment of error, defendant contends that the trial court erred in resentencing him pursuant to the "corrected" journal entry of March 9, 1989. In support of this claim, defendant advances five arguments which we shall consider in turn.

### A

Defendant initially argues that the trial court erred in resentencing him, as this was done outside his presence in violation of Crim.R. 43(A).

Crim.R. 43(A) provides in pertinent part as follows:

"The defendant shall be present at the arraignment and every stage of the trial, including the impaneling of the jury, the return of the verdict, and the imposition of sentence.  * * * "

This provision applies when one sentence is vacated, and a new sentence is imposed, see *Columbus v. Rowland* (1981), 2 Ohio App.3d 144, 145, 2 OBR 158, 159, 440 N.E.2d 1365, 1366. *State v. George* (Jan. 10, 1983), Cuyahoga App. No. 43933, unreported, 1983 WL 5685; *State v. Gabriel* (Dec. 31, 1987), Cuyahoga App. No. 53141, unreported, 1987 WL 32122.

As the trial court modified defendant's sentence outside his presence pursuant to the "corrected" journal entry, it violated Crim.R. 43(A). Accordingly, we reverse and remand the matter for resentencing in defendant's presence.

### B

In reliance upon this court's holding in *Brook Park v. Necak* (1986), 30 Ohio App.3d 118, 30 OBR 218, 506 N.E.2d 936, defendant next posits that the trial court had no authority to reconsider its own valid judgment, and therefore erred in issuing the "corrected" journal entry. Defendant further argues that the trial court's modification of his sentence following its commencement subjected him to double jeopardy. As the double jeopardy protec-

tions do not prohibit correction of an erroneous sentence, see *State v. Beasley* (1984), 14 Ohio St.3d 74, 76, 14 OBR 511, 512–513, 471 N.E.2d 774, 775; *Brook Park v. Necak, supra,* 30 Ohio App.3d at 119–120, 30 OBR at 219–220, 506 N.E.2d at 938–939; *State v. Vaughn* (1983), 10 Ohio App.3d 314, 315, 10 OBR 520, 521, 462 N.E.2d 444, 445, both of defendant's contentions focus upon the validity of the judgment first imposed. Thus, this is the focus of our inquiry.

We conclude that the sentence first imposed was invalid and therefore modifiable without subjecting defendant to double jeopardy, because it imposed incarceration for a gun specification in addition to a definite term of imprisonment contrary to R.C. 2929.71(A). Moreover, this sentence was rendered in the absence of any disposition of the violence specification contained within count two of the indictment.

Accordingly, the sentence first imposed could be modified without violating the prohibition against double jeopardy.

### C

Defendant next claims that the trial court erred in sentencing him pursuant to the "corrected" journal entry, because the record contains no basis for the imposition of an indefinite term of imprisonment for the charge of having a weapon while under disability.

At the plea proceedings, defendant pleaded guilty to a violation of R.C. 2923.13, having a weapon while under disability, a felony of the fourth degree. R.C. 2923.13(B). The sentence for this offense is therefore governed by R.C. 2929.11, which provides in pertinent part as follows:

"(A) Whoever is convicted of or pleads guilty to a felony other than aggravated murder or murder, *except as provided in division (D)* or (E) of this section *shall* be imprisoned for an indefinite term * * *.

" * * * *

"(D) Whoever is convicted of or pleads guilty to a felony of the third or fourth degree and did not, during the commission of that offense, cause physical harm to any person or make an actual threat of physical harm to any person with a deadly weapon, as defined in section 2923.11 of the Revised Code, and who has not previously been convicted of an offense of violence *shall* be imprisoned for a definite term." (Emphasis added.)

Thus, in accordance with this statute, an indefinite term of imprisonment is an improper sentence for a fourth degree felony unless it is established that defendant caused physical harm to another, threatened physical harm with a deadly weapon, or was previously convicted of an offense of violence. See *State v. Turner* (1987), 37 Ohio App.3d 38, 39, 523 N.E.2d 326.

In the instant case, the record suggests that defendant had been convicted of prior offenses, and was charged with a violence specification, yet he was not asked to plead and did not plead to the violence specification. This conflict presents a dilemma which cannot be resolved at the appellate level, but rather must be resolved by the trial court during the resentencing proceedings.

If the violence specification is not established, the trial court must impose a definite term of imprisonment for count two, and cannot impose three years' actual time for the gun specification. R.C. 2929.11(D); R.C. 2929.71. If, however, the violence specification is established, the court may sentence defendant to an indefinite term of imprisonment plus three years' actual incarceration. Either modification may proceed as set forth above without violating the prohibition against double jeopardy, as the sentence set forth in the "corrected" journal entry was premised upon the court's neglect of the violence specification contained within count two.

An appeal will lie from any subsequent errors.

### D

In his final argument, defendant posits that imposition of punishment for a violence specification premised upon a previous conviction subjects him to duplicate punishment for the previous offense. That is, defendant claims that after having been punished for the earlier offense, that earlier offense now forms the basis of both enhanced punishment, *i.e.*, indefinite incarceration, and the gun specification. We cannot agree.

An indefinite term of imprisonment resulting from a violence specification does not constitute a separate, additional sentence imposed for the earlier offense of violence but merely enhances the penalty for a subsequent offense. That is, the violence specification does not come into play until and unless the defendant is convicted of a subsequent felony as stated in R.C. 2929.11. Cf. *State v. Price* (1985), 24 Ohio App.3d 186, 188, 24 OBR 277, 279, 493 N.E.2d 1372, 1374. Likewise, the prior offense alone cannot form the basis for actual incarceration for a gun specification, as a gun specification will not be established unless the state proves the elements set forth in R.C. 2929.71 beyond a reasonable doubt. Cf. *State v. Hughley* (1984), 20 Ohio App.3d 77, 79, 20 OBR 97, 99, 484 N.E.2d 758, 761.

For the foregoing reasons, the judgment is reversed and the cause is remanded for further proceedings.

*Judgment reversed*
*and cause remanded.*

Nahra, J., concurs.

Patton, C.J., concurs in part and dissents in part.

Patton, Chief Justice, concurring in part and dissenting in part.

I agree that defendant should have been sentenced in accordance with Crim.R. 43(A); therefore, I concur with Part III–A of the court's opinion. I must respectfully dissent from that part of the court's opinion in which it concludes that defendant must somehow plead to the violence specification contained in the indictment. In my view, the violence specification is not a substantive charge to which a defendant must plead.

The majority notes that the trial court failed to ask defendant to plead to the violence specification. There is no reason to ask a defendant to plead to a violence specification because it is not a part of the substantive charge contained in the indictment. In *State v. Allen* (1987), 29 Ohio St.3d 53, 29 OBR 436, 506 N.E.2d 199, the syllabus states:

"Where the existence of a prior conviction enhances the penalty for a subsequent offense, but does not elevate the degree thereof, the prior conviction is not an essential element of the subsequent offense, and need not be alleged in the indictment or proved as a matter of fact." Cf. *State v. Price* (1985), 24 Ohio App.3d 186, 24 OBR 277, 493 N.E.2d 1372 (firearm specification contained in R.C. 2929.71 does not create a separate offense of which an offender may be convicted since it merely enhances the penalty for the offense).

In this case, the defendant had no reason to plead to the violence specification. While the state had the obligation to prove the existence of the prior offense giving rise to the specification, it did not form a part of the substantive charge contained in the indictment. By entering a guilty plea, defendant admitted the *facts* contained in the indictment, including the facts forming the basis of the violence specification. See Crim.R. 11(B)(1). To hold otherwise essentially dictates that the state must prove the substantive elements of the prior offense despite the fact that a judgment of conviction had been entered. *Allen* recognizes that distinction by holding that the specification is not a substantive part of the charge.

Even if the defendant was required to enter a "plea" to the violence specification, I believe that the totality of the circumstances show that he was aware that he was admitting the facts contained in the indictment.

The transcript of proceedings shows that the assistant prosecutor stated on the record that the state was willing to dismiss the first count of the indictment in exchange for defendant's guilty plea to one count of having a weapon while under disability with violence and gun specifications. Moreover,

the assistant prosecutor specifically stated that the offense was a fourth degree felony that carried an *indefinite* term. Defense counsel then stated that he had explained to his client the effect of the guilty plea and that his client understood the effect of the plea. The trial court then asked defendant for his plea to "count two" of the indictment. Despite the fact that the court did not specifically mention the violence specification, it is apparent that defendant was pleading to the indictment. This conclusion is supported by the fact that defendant was well aware that his sentence for the charge of having a weapon while under disability was to be indefinite. The only way that the penalty to the underlying charge could be enhanced to an indefinite term was through the violence specification as set forth in R.C. 2941.143.

I believe that these facts belie defendant's contention that his guilty plea was involuntary since the trial court did not ask for a plea to the violence specification. Even were such a plea required, the totality of the circumstances shows that he was aware that his penalty would be enhanced through the specification contained in the indictment. Therefore, I would affirm that part of defendant's conviction.