The STATE of Ohio, Appellee,

v.

RANIERI, Appellant.

[Cite as *State v. Ranieri* (1992), 84 Ohio App.3d 432.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 63562.

Decided Dec. 21, 1992.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *George Sadd,* Assistant Prosecuting Attorney, for appellee..

*John A. Bay,* Assistant State Public Defender, for appellant.

---

*Per Curiam.*

This is an accelerated appeal brought pursuant to App.R. 11.1 and Loc.R. 25 of the Court of Appeals of Cuyahoga County.

Defendant-appellant, Antonio L. Ranieri, appeals from an order of the Cuyahoga County Court of Common Pleas which amended the original sentence of incarceration without appellant's presence.

The appellant's appeal is well taken.

On June 21, 1981, the appellant was indicted by the Cuyahoga County Grand Jury for one count of kidnapping in violation of R.C. 2905.01 and one count of rape in violation of R.C. 2907.02. On July 9, 1981, the appellant was arraigned whereupon a plea of not guilty was entered to both counts of the indictment.

On March 29, 1982, the appellant retracted his former plea of not guilty and entered a plea of guilty to the amended second count of attempted rape. The trial court, upon recommendation of the prosecutor, nolled the first count of the indictment, which involved the offense of kidnapping.

On May 27, 1982, the trial court sentenced the appellant to incarceration in the Columbus Correctional Facility, Columbus, Ohio, for a term of two years to ten years. On June 30, 1982, the trial court amended the appellant's sentence to reflect a term of incarceration of two years to fifteen years. The appellant's sentence of incarceration, however, was amended without the presence of the appellant.

On May 1, 1992, this court granted the appellant a delayed appeal.

The appellant's sole assignment of error is that:

"The trial court erred by sentencing appellant while he was not present in court in violation of Article I, Section 10 of the Ohio Constitution and the Sixth Amendment to the United States Constitution."

The appellant, through his sole assignment of error, argues that the trial court erred by amending the sentence of incarceration without the presence of the appellant.

The appellant's sole assignment of error is well taken.

Crim.R. 43(A), which deals with the presence of a defendant during legal proceedings, provides that:

"The defendant shall be present at the arraignment and every stage of the trial, including the impaneling of the jury, the return of the verdict, and the imposition of sentence, except as otherwise provided by these rules. In all prosecutions, the defendant's voluntary absence after the trial has been commenced in his presence shall not prevent continuing the trial to and including the verdict. A corporation may appear by counsel for all purposes."

In addition, this court has held that Crim.R. 43(A) mandates that a defendant must be present during the modification of a sentence.

"The language of Crim.R. 43(A) specifically requires that a defendant be present at every stage of the proceedings. This requirement includes both the imposition of a sentence and where one sentence is vacated and a new sentence is imposed. *Columbus v. Rowland* (1981), 2 Ohio App.3d 144, 145, 2 OBR 158, 160, 440 N.E.2d 1365, 1367. Thus, the trial court erred by modifying appellant's sentence in his absence. *State v. Dawson* (Apr. 25, 1985), Cuyahoga App. No. 49054, unreported [1985 WL 8006].

"The record on appeal indicates that no hearing was held prior to or in conjunction with the resentencing of appellant. The modification was simply journalized in the trial court's judgment entry of October 14, 1987. As such, appellant's rights as provided for in Crim.R. 43(A) were violated." *State v. Brown* (Dec. 15, 1988), Cuyahoga App. No. 54765, unreported, at 3, 1988 WL 136044.

See, also, *State v. Clay* (June 18, 1992), Cuyahoga App. No. 60914, unreported, 1992 WL 140220; *State v. Eberling* (Apr. 9, 1992), Cuyahoga App. No. 58559, unreported, 1992 WL 74227; *State v. Collier* (Oct. 24, 1991), Cuyahoga App. No. 61318, unreported, 1991 WL 221986.

Thus, the trial court erred as a result of resentencing the appellant without the presence of the appellant. The sentence of the trial court is vacated and the

cause is remanded to the trial court for resentencing in conformity with Crim.R. 43(A).

The sentence is vacated and the cause is remanded for resentencing.

*Judgment accordingly.*

MATIA, P.J., DYKE and FRANCIS E. SWEENEY, JJ., concur.