This case is presently before the court upon the reopening of the appeal pursuant to Appellate Rule 26(B). The parties have submitted briefs, and the appellant, Henry Skaggs, presents one assignment of error for review: He was denied his Sixth Amendment right to be present, with counsel, at all critical stages of his criminal case.[1] This court finds the argument to be well taken, and thus, vacates the conviction and sentence and remands this case for further proceedings consistent with this opinion.
 PROCEDURAL AND FACTUAL BACKGROUND
On August 23, 1988, the Grand Jury indicted Mr. Skaggs in count one for the rape of Kimberly Cavin on or about March 29, 1988, in count two for the rape of Kimberly Cavin on or about April 7, 1988 and in count three for felonious assault of Kimberly Cavin on or about March 29, 1988. As recognized in the transcript and a journal entry, Mr. Skaggs waived his right to a jury trial, and his bench trial began on October 24, 1988. After hearing the evidence the judge entered an order finding Mr. Skaggs not guilty of rape as charged in count one and guilty of felonious assault as charged in count two. The judge sentenced Mr. Skaggs to seven to twenty-five years.
Mr. Skaggs' trial counsel timely appealed. He argued that the court's verdict was contradictory. Count one charged Mr. Skaggs with rape on March 29, 1988, and the felonious assault was part of the same incident. It is illogical to find Mr. Skaggs guilty of that felonious assault, but not guilty of the corresponding rape. Counsel also argued that the verdict was against the manifest weight of the evidence.
In May 1990 this court dismissed the appeal and remanded the case for further proceedings for lack of a final, appealable order. The trial court's journal entry did not resolve the other rape count.
In an entry journalized July 26, 1990, the trial court vacated its prior conviction and sentencing order as a clerical error. The court then found Mr. Skaggs guilty of count two, the April 7 rape, and not guilty of counts one and three, the rape and felonious assault of March 29, 1988. The court then reimposed a sentence of seven to twenty-five years. This journal entry makes no indication that either Mr. Skaggs or his attorney were present for the hearing and resentencing. Nor does the record contain an entry ordering Mr. Skaggs from prison to be present at the hearing in which the court found him guilty of a previously unresolved charge, not guilty of a charge for which the court had earlier found him guilty and sentenced him.
After the trial court entered a final, appealable order, Mr. Skaggs' attorney never filed another notice of appeal, never moved to reinstate the appeal or take any other action on behalf of Mr. Skaggs.
In deciding the application to reopen, this court ruled that counsel's complete abandonment of Mr. Skaggs after remand so that there was never any meaningful appellate review raised a genuine issue of appellate counsel's effectiveness, especially in light of the differing journal entries and the irregularity of Mr. Skaggs' absence during the resentencing. Thus, this court reopened the appeal.
 DISCUSSION OF LAW
The assignment of error presents a sound argument that Mr. Skaggs was denied his right to be present with counsel at all critical stages of his criminal case. First, as noted above, the record indicates that neither Mr. Skaggs nor his counsel were present during the July 1990 hearing at which the trial court found Mr. Skaggs guilty of rape in count two and reimposed sentence. The State of Ohio in its brief does not dispute this.
Criminal Rule 43(A) requires the defendant's presence "at the arraignment and every stage of the trial, including * * * the return of the verdict, and the imposition of sentence * * *. Additionally, Criminal Rule 32(A) provides in pertinent part that "[b]efore imposing sentence the court shall afford counsel an opportunity to speak on behalf of the defendant and also shall address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment." Subsection 32(B) mandates that the trial court inform the defendant of various rights on appeal. Mr. Skaggs' absence from the July 1990 hearing deprived him of these rights.
The courts have consistently held that it is reversible error to modify a defendant's sentence in his absence pursuant to Criminal Rule 43(A).State v. Ranieri (1992), 84 Ohio App.3d 432, 616 N.E.2d 1191; State v.Calvillo (1991), 76 Ohio App.3d 714, 603 N.E.2d 325; State v. Bell
(1990), 70 Ohio App.3d 765, 592 N.E.2d 848; State v. Walton (1990),66 Ohio App.3d 243, 583 N.E.2d 1106 and City of Columbus v. Rowland (1981),2 Ohio App.3d 144, 440 N.E.2d 1365. In these cases the trial courts endeavored to impose new and different sentences on the defendant, usually to correct the initial sentences so that they would be in accord with Ohio law. Although these corrections were necessary and largely ministerial, the appellate courts held that the defendant's right to be present at all stages of the criminal proceeding must be honored and the failure to do so is reversible error.
So too in the present case, the trial court's decision to change the verdicts from guilty of the March 29, 1988 felonious assault to not guilty on that charge and to find him guilty of the April 7, 1988 rape, which had not been previously addressed, is as much a change requiring the presence of the defendant and his counsel as a change in sentence.
The state makes two counter arguments. The first is that the error was purely clerical. The court always just intended to find Mr. Skaggs guilty on count two; the mistake of typing felonious assault instead of rape was merely a clerical error. Its correction did not need the presence of the defendant or his counsel. Moreover, any error is harmless because Mr. Skaggs received the same sentence. This is unpersuasive. The initial journal was inherently confusing. Not only did it misidentify the second count, it also left a count unresolved. The second hearing would clarify exactly of what Mr. Skaggs would be found guilty. A defendant under Criminal Rules 43(A) and 32 has the right to be present for that with his counsel.
Accordingly, Mr. Skaggs' assignment of error is well taken. The conviction and sentence are vacated, and the case is remanded to the trial court for further proceedings consistent with this opinion. Appellee to pay costs.
It is ordered that appellant recover of appellee its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
LEO M. SPELLACY, J., AND
JAMES D. SWEENEY, J., CONCUR.
_____________________ ANN DYKE ADMINISTRATIVE JUDGE
[1] Originally Mr. Skaggs submitted a second assignment of error, that he was denied meaningful review of his conviction and sentence due to the lack of a transcript. However, in his February 25, 2000 supplementary brief he does not argue that assignment; there is a transcript of the trial. Accordingly, this court disregards the second assignment of error. App.R. 12(A)(2).