JOURNAL ENTRY and OPINION
Appellant Gregory Bryant appeals from his conviction for possession of crack cocaine in violation of R.C. 2925.11. Bryant assigns the following as errors for our review:
 I. THE TRIAL COURT LACKED JURISDICTION TO TRY THE DEFENDANT WITHOUT A JURY BECAUSE IT FAILED TO COMPLY WITH R.C. 2945.05 BY FILING THE JURY WAIVER WITH THE CLERK OF COURTS PRIOR TO PROCEEDING WITH THE TRIAL.
 II. EVIDENCE OF THE AMOUNT OF CRACK COCAINE FOUND IN STATE'S EXHIBIT NO. 1 WAS INSUFFICIENT TO FIND MR. BRYANT GUILTY OF ANYTHING OTHER THAN POSSESSION OF AN UNSPECIFIED QUANTITY OF CRACK COCAINE.
 III. MR. BRYANT WAS FOUND GUILTY BASED ON FACTS, WHICH DEVIATED FROM THOSE PRESENTED TO THE GRAND JURY, AND WAS THUS CONVICTED IN A MANNER THAT VIOLATED HIS RIGHTS TO INDICTMENT AND TO DUE PROCESS.
 IV. THE REVISED CODE'S DEFINITION OF CRACK COCAINE IS IRRATIONAL AND THUS THE ENHANCED PENALTIES FOR THE POSSESSION OF CRACK COCAINE ARE UNCONSTITUTIONAL.
 V. THE TRIAL COURT ERRED BY ORDERING THAT MR. BRYANT'S SENTENCE IS MADE TO RUN CONSECUTIVELY TO THE OTHER SENTENCES THAT HAD BEEN IMPOSED ON MR. BRYANT.
 VI. THE TRIAL COURT ERRED WHEN IT ENTERED ON ITS JOURNAL ENTRY THAT MR. BRYANT COULD BE SUBJECTED TO THE MAXIMUM TERM OF POST-RELEASE CONTROL ALLOWED BY LAW WHEN THE TRIAL COURT NEVER MENTIONED AT SENTENCING THAT POST-RELEASE CONTROL COULD BE IMPOSED.
 VII. ASSUMING, ARGUENDO, THAT THIS COURT DETERMINES THAT THE ISSUES RAISED HEREIN WERE NOT SUFFICIENTLY PRESENTED TO THE TRIAL COURT, THEN GREGORY BRYANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL.
Having reviewed the record and the pertinent law, we affirm in part, reverse in part, and remand for re-sentencing. The apposite facts follow.
On November 3, 2000, a Cuyahoga County Grand Jury issued a multiple count indictment against Bryant, including one count of possessing crack cocaine in an amount of between five and ten grams. Prior to trial, the State provided Bryant with a bill of particulars which expressed the State's intention to prove Bryant possessed "less than five grams" of crack cocaine.
On May 17, 2001, this case proceeded to trial. At the outset of proceedings, Bryant executed a valid waiver of his right to trial by jury. The trial judge accepted the waiver, and soon after the start of trial entered the waiver into the record.
At trial, Bryant stipulated that the drugs in evidence tested positive for cocaine in the amount of 6.58 grams. Upon further evidence, the court found Bryant guilty as charged under count one of the indictment. At the sentencing hearing, the court sentenced Bryant to one year imprisonment to be served consecutively to a pre-existing sentence, but made no mention that Bryant is subject to a period of post-release control. On May 25, 2001, the trial court journalized Bryant's conviction and sentence, in addition to a period of post-release control.
In his first assigned error, Bryant argues the trial court erred by failing to file his written jury-trial waiver prior to trial. We disagree.
Bryant refers us to R.C. 2945.05, which provides:
 In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof. * * *.
 Such waiver of trial by jury must be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel. Such waiver may be withdrawn by the defendant at any time before the commencement of the trial.
Bryant also relies upon the Ohio Supreme Court's decision in State v. Pless[1] to support his proposition. In Pless, the supreme court reversed the defendant's conviction because his written, signed waiver of trial by jury was not filed and made a part of the record.[2]
The court held:
 In a criminal case where the defendant elects to waive the right to trial by jury, R.C. 2945.05 mandates that the waiver must be in writing, signed by the defendant, filed in the criminal action and made part of the record thereof. Absent strict compliance with the requirements of R.C. 2945.05, a trial court lacks jurisdiction to try the defendant without a jury.[3]
Bryant takes no issue with any explicit R.C. 2945.05
requirement, rather he argues the existence of a further mandate: that failure to file a signed and written waiver prior to the start of trial nullifies an otherwise effective waiver. Neither R.C. 2945.05 nor our body of case law supports this proposition.[4]
According to Pless, strict compliance with R.C. 2945.05 is met upon the filing of the waiver; Pless makes no rule pertaining to when the filing occurs. In distinguishing Pless from State ex rel. Larkins v.Baker,[5] a case in which the trial judge placed the defendant's waiver in the court's case file, but never filed it of record with the clerk's office, the supreme court stated:
 * * *, the record before us contains no evidence that appellants [sic] signed jury waiver form was ever included in the trial courts case file. * * * The trial court issued an entry specifically akcnowledging that appellant had, in fact, waived his right to trial by jury. However, we find that there was a failure to strictly comply with R.C. 2945.05, since there is no evidence that appellants [sic] signed waiver form was everfiled and made part of the record in this case.[6]
[Emphasis added].
Thus, the critical issue is not whether the filing occurred prior to the start of trial, but whether the filing ever
occurred.
Here the record is pristine. Bryant waived his right to trial by jury, and the trial court filed his waiver as part of the record. We, therefore, are assured that Bryant did, in fact, waive his right to trial by jury. Accordingly, Bryant's first assigned error is without merit.
In his second assigned error, Bryant argues his conviction for possessing more than five grams and less than ten grams of crack cocaine is based upon insufficient evidence. We disagree.
A challenge to the sufficiency of evidence supporting a conviction requires the appellate court to determine whether the State met its burden of production at trial.[7] On review for legal sufficiency, the appellate court's function is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average person of the defendant's guilt beyond a reasonable doubt.[8] In making its determination, an appellate court must view the evidence in a light most favorable to the prosecution.[9]
We note that under this assigned error, Bryant does not challenge the sufficiency of the trial court's determination that he possessed a Schedule II drug; he merely argues that he did not possess enough of the drug to warrant conviction of between five and ten grams. Accordingly, our query focuses on the amount of cocaine Bryant possessed.
At the outset of trial, the following dialogue occurred between the court, Maureen Clancy on behalf of the State, and Terri Webb as Bryant's counsel:
THE COURT: * * *. Any preliminary matters before we proceed?
MS. CLANCY: I believe we have a stipulation.
THE COURT: All right. Which is?
 MS. CLANCY: That would be to the forensic laboratory report that one plastic baggy containing an off white rocklike material analyzed and tested positive for cocaine, a Class II drug with a weight of 6.58 grams.
THE COURT: Is that accurate?
MS. WEBB: Yes, your Honor.
 THE COURT: All right. I presume the defense is going to be that these weren't his drugs?
MS. WEBB: Yes, you Honor.
The parties clearly stipulated that the cocaine amounted to 6.58 grams. Stipulations "made by persons accused of crimes, or by their counsel in their presence, during the course of a trial for crime, are, after the termination of the trial, as binding and enforceable upon such persons as like agreements, waivers and stipulations are upon parties to civil actions.[10] Because Bryant is bound to the stipulation that the baggy contained 6.85 grams of a substance which tested positive for cocaine, a Schedule II drug, the trial court did not err by finding the cocaine possessed was an amount between five and ten grams. Accordingly, Bryant's second assigned error is without merit.
In his third assigned error, Bryant argues the trial court erred by finding him guilty based upon facts different from those leading to his indictment before the grand jury. Specifically, Bryant argues he was denied due process of law because the trial court convicted him of possessing between five and ten grams of cocaine while the State's bill of particulars stated that he possessed "less than five grams." We disagree.
Although Bryant correctly relies on State v. Vitale[11]
for the proposition that due process is denied when a defendant is tried on different facts than those upon which the grand jury indicted,[12]
he misapplies that principal here.
A grand jury indicted Vitale for committing theft "on or about June 14, 1999." Upon Vitale's request, the State provided a bill of particulars which also stated that the offense occurred "on or about June 14, 1999." The trial court acquitted Vitale of committing theft "on or about June 14, 1999," but then went on to find him guilty of committing theft on June 21, 1999, after having permitted the State to amend the indictment to reflect that the offense allegedly occurred on a particular date between "June 14, 1999 through June 21, 1999, inclusive." We reversed the trial court's decision because a substantial risk existed that the trial court convicted Vitale of a crime on evidence never presented to the grand jury, namely the alleged date of offense.
The present case is readily distinguishable in that, here, the grand jury indicted Bryant of possessing crack cocaine "in an amount more than five grams but less than ten grams," precisely the crime of which he was convicted. This indictment evinces the grand jury's consideration of evidence that Bryant possessed between five and ten grams of crack cocaine, and assures us Bryant was not held to answer for a crime for which he was not indicted. The constitutional guarantee of due process pertains to grand jury indictments. A mistake within a bill of particulars does not abrogate the findings of a grand jury and does not affect due process in light of pristine grand jury proceedings. Accordingly, Bryant's third assigned error is without merit.
In his fourth assigned error, Bryant argues the trial court's verdict must not stand because R.C. 2925.11(GG) provides a constitutionally infirm definition of "crack cocaine." Bryant raises this issue for the first time on appeal.
As held by the Ohio Supreme Court:
 Failure to raise at trial court level the issue of the constitutionality of a statute or its application, which is apparent at the time of trial, constitutes waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal.[13]
Because Bryant failed to raise this constitutional challenge at trial, we decline to address it here. Accordingly, Bryant's fourth assigned error is without merit.
In his fifth assigned error, Bryant argues the trial court erred by ordering him to serve his one-year term of imprisonment consecutive to an already existing sentence. We agree.
R.C. 2929.14(E)(4) states:
 If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18
of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
As the State concedes, the trial court failed to find R.C.2929.14(E)(4) factors permitting imposition of consecutive sentences. These findings are mandatory, and a trial court's failure to make them results in prejudicial error. Accordingly, Bryant's fifth assigned error has merit, and we remand for re-sentencing.
In his sixth assigned error, Bryant argues the trial court erred by journalizing an entry stating he is subject to a period of post-release control despite not affording him verbal notice at the sentencing hearing. We agree.
R.C. 2967.28 subjects offenders to terms of post-release control depending upon the degree and type of crime committed.[14]
Under R.C. 2929.19(B)(3), sentencing courts must notify offenders when subject to post-release control. R.C. 2929.19(B)(3) provides:
 Subject to division (B)(4) of this section, if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following:
* * *
 (d) Notify the offender that the offender may be supervised under section 2967.28 of the Revised Code after the offender leaves prison if the offender is being sentenced for a felony of the third, fourth, or fifth degree that is not subject to division (B)(3)(c) of this section.
In Woods v. Telb,[15] the Ohio Supreme Court upheld the constitutionality of the post-release control statutes, and stated:
 Pursuant to R.C. 2967.28(B) and (C), a trial court must inform the defendant at sentencing or at the time of a plea hearing that post-release control is part of the defendant's sentence.[16]
[Emphasis added.]
Here, Bryant argues the trial court's sentencing entry, stating he is subject to post-release control, does not suffice because "at sentencing" means "at the sentencing hearing," rather than "in the sentencing entry." We have considered this argument both before and since the Woods decision, and have consistently held that the absence of verbal notice at the sentencing hearing runs afoul of the post-release control notice requirements, and results in prejudicial error.[17] Further, the inclusion of post-release control in the journal entry constituted a modification of Bryant's sentence outside Bryant's presence. "The courts have consistently held that it is reversible error to modify a defendant's sentence in his absence pursuant to Criminal Rule 43(A)."[18]
Accordingly, Bryant's sixth assigned error has merit, and we remand for re-sentencing.
In his seventh assigned error, Bryant argues his trial counsel rendered ineffective assistance if we find she failed to preserve any of his first six assigned errors. Thus, we need only consider whether his counsel rendered ineffective assistance by not objecting to the constitutionality of R.C. 2925.11(GG).
In order to prevail on a claim of ineffective assistance of counsel, Bryant first must show that his trial counsel's performance fell below an objective standard of reasonableness, and second that the deficient performance caused such prejudice that he was deprived a fair trial.[19] An essential element of an ineffective assistance of counsel claim is a showing that, but for trial counsel's alleged errors, there is a substantial probability that the outcome of the trial would have been different.[20]
Enactments of the General Assembly are presumed constitutional, and shall only be rendered unconstitutional upon proof beyond a reasonable doubt.[21] Therefore, R.C. 2925.11(GG) is presumptively constitutional. We determine Bryant's counsel did not perform below an objective standard of reasonableness by not objecting to a presumptively constitutional statute. Further, we cannot say a substantial likelihood exists that the outcome of Bryant's trial would have been different had his counsel proffered an objection. Accordingly, Bryant's seventh assigned error is without merit.
Judgment affirmed in part, reversed in part and remanded for re-sentencing.
This cause is affirmed in part, reversed in part and remanded for re-sentencing.
It is ordered that appellee and appellant share the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to set this matter for resentencing. The judgment of conviction is affirmed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, J., and TERRENCE O'DONNELL, J., CONCUR.
[1] (1996), 74 Ohio St.3d 333, 658 N.E.2d 766.
[2] Id.
[3] Id., paragraph 1 of the syllabus, citing State v. Tate (1979),59 Ohio St.2d 50, 391 N.E.2d 738, and State ex rel. Jackson v. Dallman
(1994), 70 Ohio St.3d 261, 638 N.E.2d 563.
[4] See State v. Miller, 2002 Ohio App. LEXIS 715 (Feb. 21, 2002), Cuyahoga App. No. 79788, unreported. See, also State v. Antoncic,
2000 Ohio App. LEXIS 5481 (Nov. 22, 2000), Cuyahoga App. No. 77678, unreported.
[5] (1995), 73 Ohio St.3d 658, 653 N.E.2d 701.
[6] Pless, at 339.
[7] State v. Thompkins (1997), 78 Ohio St.3d 380, 678 N.E.2d 541.
[8] Id.; State v. Fryer (1993), 90 Ohio App.3d 37, 43,627 N.E.2d 1065, 1069.
[9] Fryer, supra at 43.
[10] State v. Robbins (1964), 176 Ohio St. 362, 199 N.E.2d 742, paragraph two of the syllabus, citing State, ex rel. Warner, v. Baer etal., Judges, 103 Ohio St., 585, paragraph four of the syllabus.
[11] (1994), 96 Ohio App.3d 695; 645 N.E.2d 1277.
[12] See, Id.; Section 10, Article I, Ohio Constitution.
[13] (1986), 22 Ohio St.3d 120, 489 N.E.2d 277, syllabus.
[14] Having been sentenced for committing a third degree felony that is not subject to R.C. 2967.28(B)(1) or (3), Bryant is eligible for up to three years of post-release control.
[15] (2000), 89 Ohio St.3d 504; 733 N.E.2d 1103.
[16] Id., at paragraph 2 of the syllabus.
[17] See, State v. Rashad, 2001 Ohio App. LEXIS 4995 (Nov. 8, 2001), Cuyahoga App. No. 79051, unreported; State v. Wright, 2000 Ohio App. LEXIS 4482 (Sep. 28, 2000), Cuyahoga App. No. 77748, unreported; andState v. Shine, 1999 Ohio App. LEXIS 1932 (Apr. 29, 1999), Cuyahoga App. No. 74053, unreported.
[18] State v. Skaggs 2000 Ohio App. LEXIS 4947 (Oct.26, 2000), Cuyahoga App. No. 56714, unreported, citing State v. Ranieri (1992),84 Ohio App.3d 432, 616 N.E.2d 1191; State v. Calvillo (1991),76 Ohio App.3d 714, 603 N.E.2d 325; State v. Bell (1990),70 Ohio App.3d 765, 592 N.E.2d 848; State v. Walton (1990),66 Ohio App.3d 243, 583 N.E.2d 1106 and City of Columbus v. Rowland
(1981), 2 Ohio App.3d 144, 440 N.E.2d 1365.
[19] State v. Madrigal (2000), 87 Ohio St.3d 378, 397, 721 N.E.2d 52,70, reconsideration denied (2000), 88 Ohio St.3d 1428, 723 N.E.2d 1115, citing Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693; State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373, paragraphs two and three of the syllabus, certiorari denied (1990), 497 U.S. 1011, 110 S.Ct. 3258,111 L.Ed.2d 768.
[20] State v. Lindsey (2000), 87 Ohio St.3d 479, 489, 721 N.E.2d 995,1007, reconsideration denied (2000), 88 Ohio St.3d 1438,724 N.E.2d 812.
[21] State ex rel. Dickman v. Defenbacher (1955), 164 Ohio St. 142,128 N.E.2d 59, paragraph one of the syllabus; State v. Thompkins (1996),75 Ohio St.3d 558, 560 N.E.2d 926.