DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of conviction on a verdict and a sentence of imprisonment in the Lucas County Court of Common Pleas. On January 28, 2003, appellant was sentenced to a term of four years for complicity to commit aggravated robbery with a firearm specification, R.C. 2911.01(A)(1) and 2941.145, a felony of the first degree, and a consecutive mandatory term of three years pursuant to R.C. 2929.14(D)(1) for the firearm specification.
 {¶ 2} From that judgment and sentence, appellant filed a timely notice of appeal and sets forth the following assignments of error:
 {¶ 3} "I. The trial court abused its discretion in permitting Jonas Overton to testify despite his violation of an order for separation of witnesses pursuant to Evid.R. 615.
 {¶ 4} "II. The prosecutor committed prejudicial misconduct in telling the jury during voir dire that Baker * * * in fact committed the offense of aggravated robbery and by vouching for the credibility of his witnesses during rebuttal closing argument.
 {¶ 5} "III. Defense counsel's representation was so deficient and prejudicial as to deprive Baker * * * of [his] constitutional right to the effective assistance of counsel.
 {¶ 6} "IV. The court erred in imposing sentence outside the defendant's presence."
 I. {¶ 7} In his first assignment of error, appellant argues that the trial court incorrectly allowed a prosecution witness to testify after his counsel had objected pursuant to Evid.R. 615(A). Prior to trial, appellant and the prosecution agreed to a separation of witnesses. After submission of the agreement, the trial judge ordered, "So all people expecting to
 {¶ 8} testify in the case will remain outside until they are called as witnesses. I'll leave it up to counsel to police this order."[1]
 {¶ 9} Ottrix, the prosecution's first witness and a victim, testified and was cross-examined at length by appellant's counsel. At the conclusion of Ottrix's testimony, the prosecution called Overton, another victim, who then stood up in the back of the courtroom. Appellant's counsel immediately objected to Overton testifying for violation of the separation order. The court reminded counsel that they were responsible for enforcing the separation order. Both the prosecutor and appellant's counsel stated they were unaware that Overton had entered the courtroom during Ottrix's testimony.
 {¶ 10} Before ruling on appellant's objection, the trial judge questioned Overton and both counsel in chambers as to the circumstances of the violation. Both counsel also questioned Overton. Overton maintained that he came in during the last few minutes of Ottrix's cross-examination at the request of an unidentified person whom he assumed was court personnel. Overton further asserted that he "really wasn't listening," and had not heard any testimony related to him. The trial court ruled that Overton be permitted to testify, not on the basis of lack of possible prejudice, but on the basis that both parties' counsel had failed to either notice or timely correct the violation.
 {¶ 11} "A trial court's determination to allow a witness to testify despite a violation of its separation order will not be reversed on appeal absent an abuse of discretion." State v.Tichon (1995), 102 Ohio App.3d 758, 764. Ohio's long-standing rule permits witnesses to testify unless the court finds the separation order was intentionally violated. "While the court is vested with discretion to refuse or permit the examination of a witness who has remained in court, by procurement or connivance of the party calling him, in violation of an order for the separation of witnesses, it is vested with no such discretion to prevent such examination where there has been no such procurement or connivance; but the order is to be enforced by the officers in attendance, and disobedience of it punished by the court as for contempt." Dickson v. State (1883), 39 Ohio St. 73, paragraph one of the syllabus.
 {¶ 12} The trial court's inquiry upon appellant's objection found no procurement or connivance by state's counsel to violate the exclusion order, absent which Overton's testimony could not be excluded. Both counsel failed to detect Overton's presence in the courtroom, and Overton assured the court that he had not heard more than the last few minutes of the prior testimony. The court properly allowed Overton to testify.
 {¶ 13} Appellant asserts, "[I]t simply cannot rationally be the rule that one party must police the gallery to ensure that the other party's witnesses are not there." "It is true that once a court orders the witnesses excluded, it becomes the job of the `officers in attendance' to ensure that the witnesses comply with the order. Dickson v. State (1883), 39 Ohio St. 73, paragraph one of the syllabus. Furthermore, as stated by the trial court, this duty must fall on the parties' attorneys and not on the court's personnel such as the bailiff, since usually only counsel will be familiar with the witnesses in the case." State v.Evans (June 22, 1994), 2d Dist. No. 13948. The trial court justly followed Dickson's long-standing rule that counsel police separation orders. Appellant's first assignment of error is not well-taken.
 II. {¶ 14} In a second assignment of error, appellant asserts prosecutorial misconduct during voir dire and closing argument through expression of personal opinion and improper assertions of fact. Appellant waived all but plain error by failing to object at trial. State v. Slagle (1992), 65 Ohio St.3d 597, 604. Under the plain error doctrine, reversible error occurs only if "but for the error, the outcome of the trial clearly would have been otherwise." State v. Long (1978), 53 Ohio St.2d 91, paragraph two of the syllabus.
 {¶ 15} Appellant points to one prosecutor's statement during voir dire: "Now, the facts in this case involve Mr. Baker and Mr. Lawler having a gun and — and taking a car that was being driven by Edwin Ottrix." Since appellant waived all but plain error, appellant must show that absent the statement, the outcome would have been different. The proposition that framing potential presentation of evidence as established fact during voir dire determinatively affects the verdict has been held "implausible."State v. Campbell (1994), 69 Ohio St.3d 38, 51. This one statement made in voir dire does not rise to the level of plain error.
 {¶ 16} Appellant also argues that some statements in the prosecutor's closing argument equal prosecutorial misconduct. "The test for prosecutorial misconduct in closing argument is whether the remarks were improper and, if so, whether they prejudicially affected substantial rights of the accused." Statev. White (1998), 82 Ohio St.3d 16, 22, citing State v. Smith
(1984), 14 Ohio St.3d 13, 14. "The touchstone for this analysis is the fairness of the trial, not the culpability of the prosecutor." State v. Williams (2003), 99 Ohio St.3d 439, 447
(internal citations omitted).
 {¶ 17} During closing arguments, the prosecutor stated with reference to Overton and Ottrix's testimony, "You know, I put up credibility, and this may — this strikes me as being very credible. * * * Credible? Absolutely. If he is going to conspire about the whole thing. He isn't conspiring, he is very credible." This statement must be examined for fairness given the entire context of closing arguments and the trial as a whole. Later in closing, the prosecutor urged the jury "to listen very carefully to the instructions from the Judge" on the issue of witness credibility. Appellant's trial counsel made symmetrically opposite assertions regarding the same witnesses' credibility in closing argument, prior to the prosecutor's statements. Considering the context of closing arguments as a whole, the prosecutor's statements did not preclude a fair trial or prejudicially affect a substantial right.
 {¶ 18} Appellant attempts to persuade in his brief that the prosecutorial misconduct alleged was intentional, by noting a prosecutor's statement during voir dire:
 {¶ 19} "I may make a mistake and I say I suggest the evidence shows this or I believe this or something like that in opening arguments or closing arguments. And if I happen to slip and say that, I'm here as a representative of the State of Ohio and I want you to understand that I'm referring to myself only in that representative capacity as assistant prosecutor."
 {¶ 20} In our view, alerting jurors to potential future mistakes does not demonstrate future intention but an awareness of fallibility and a warning to disregard personal opinion; regardless, it does not create unfairness that rises to the level of plain error. Appellant's second assignment of error is not well-taken.
 III. {¶ 21} In a third assignment of error, appellant asserts a deprivation of effective assistance of counsel. Specifically, appellant points to (1) counsel's failure to cross-examine Overton regarding the violation of the exclusion order; (2) counsel's failure to object to prosecutorial misconduct addressed in the second assignment of error; and (3) counsel's failure to object to testimony by Overton that someone had offered him money from appellant, "presumably to refrain from testifying."
 {¶ 22} "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland v.Washington (1984), 466 U.S. 668, 690. Strickland established the rule that in order to demonstrate ineffective assistance of counsel in violation of an accused's Sixth Amendment right to counsel, a two-part test must be satisfied. First, it must be shown that "counsel's performance fell below an objective standard of reasonableness." Id. at 688. Second, it must be shown that counsel's deficient performance prejudiced the defendant, i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Ohio courts consistently enforce this standard, State v. Bradley (1989),42 Ohio St.3d 136, paragraph two of the syllabus, and Ohio presumes that a licensed attorney is competent. Vaughn v. Maxwell (1965),2 Ohio St.2d 299, 301.
 {¶ 23} Upon review of the transcript, we cannot conclude that that the trial attorney made errors so egregious that "the trial attorney was not functioning as the `counsel' guaranteed appellant under the Sixth Amendment, and that the deficient performance prejudiced appellant's defense." Strickland v.Washington (1984), 466 U.S. 668, 686-687. Appellant's counsel did question Overton during the trial court's inquiry into the separation of witness violation. Appellant's counsel also extensively questioned Overton on cross-examination as to the alleged offer of money and Overton's acquaintance with the person who made it. Any possible prosecutorial misconduct was not prejudicial. There is no reasonable possibility that the result would have been different if appellant's counsel had made choices differently as appellant suggests. Appellant's third assignment of error is not well-taken.
 IV. {¶ 24} In a fourth assignment of error, appellant argues that this case should be remanded for resentencing since the journalized sentence differs from the trial court's oral pronouncement of sentence, and thus deprives appellant of his right to be present during sentencing. On January 3, 2003, the trial court orally sentenced appellant to eight years for complicity to commit aggravated robbery with firearm specification. On January 9, 2003, appellant filed a motion to reconsider and modify sentence. On January 14, 2003, the trial court heard the motion, and appellant was present at the hearing. Appellant's counsel argued that sentence should be modified to allow appellant to be considered for judicial release at an earlier time. Appellant also spoke and expressed his desire to be with his family and his hope for rehabilitation during incarceration.
 {¶ 25} The trial court noted that the sentence had not yet been formalized in a journal entry. It cited this court's decision in State v. McDowell (Sept. 30, 1993), 6th Dist. No. E-92-78, which held minor or inconsequential changes to an oral pronouncement of sentence before journalization do not violate an accused's substantial rights. The trial court took the matter under deliberation after notifying both parties of its authority to modify sentence until judgment is written and entered. On January 22, the trial court journalized a sentence of seven years. Appellant now argues that since the journalization of sentence was "purely a paper proceeding," for which he was not present, it was prejudicial error.
 {¶ 26} Crim.R. 43(A) states that a criminal defendant "shall be present at the arraignment and every stage of the trial, including * * * the imposition of sentence, except as otherwise provided by these rules." We review this assignment for prejudicial error. "[T]he right to be present is not absolute. Therefore, even if a defendant should have been present at a stage of the trial, errors of constitutional dimension are not ipso facto prejudicial. Prejudicial error exists only where a fair and just hearing [is] thwarted by [defendant's] absence."State v. White (1998), 82 Ohio St.3d 16, 26 (internal citations omitted).
 {¶ 27} Appellant cites State v. Ranieri (1992),84 Ohio App.3d 432, for the proposition that a written judgment may not deviate from an oral pronouncement of sentence because it deprives a criminal defendant of the right to be present during sentencing. In Ranieri, the defendant's written sentence represented an increase from the oral pronouncement of sentence; the increase reflected a modification upon which no hearing was held. In vacating and remanding for resentencing, the court noted that "no hearing was held prior to or in conjunction with the resentencing." Id. at 434.
 {¶ 28} Ranieri is not applicable here. Appellant received, and was present with counsel, a hearing on his motion to reconsider and modify sentencing. Following McDowell, supra, the court was free to modify the sentence until judgment was written and entered upon the journal, as long as the modification was made without prejudice to appellant's right to be present. Appellant's motion was heard, and the result was a reduction in sentence. Appellant was afforded substantial justice. Appellant's fourth assignment of error is not well-taken.
 {¶ 29} Upon consideration whereof, the judgment of conviction and sentence of the Lucas County Court of Common Pleas is affirmed. Costs to appellant pursuant to App.R. 24.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., Singer, J., Knepper, J., Concur.
[1] Although the record indicates that both parties agreed to a "separation" of witnesses, the trial court limited the order to an "exclusion" of witnesses from hearing other witness testimony without detail as to "separation." See Ohio Evid.R. 614, 2003 Staff Notes, explaining the distinction in terms.