JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Gabriel Quinones, appeals his sentence. Finding merit to the appeal, we reverse and remand for resentencing.
 {¶ 2} In 2006, Quinones pled guilty to attempted felonious assault, endangering children, and attempted endangering children. At the sentencing hearing, the trial court imposed sentences of four years in prison for attempted felonious assault, four years for endangering children, and seventeen months for attempted endangering children. The court did not state at the hearing whether the sentences would be served concurrently or consecutively. The journal entry issued by the court, however, indicated that the terms would be served consecutively, for a total sentence of nine years and five months in prison.
 {¶ 3} Quinones argues in his sole assignment of error, that his sentence is invalid because the journal entry imposed consecutive sentences but the same sentence was not imposed at the sentencing hearing. He requests that we vacate his sentence and remand the case for resentencing. The State concedes, and also requests a remand for resentencing.
 {¶ 4} Crim.R. 43(A) provides that a defendant has the right to be present when sentence is imposed. State v. Cornette (Jan. 25, 1990), Franklin App. No. 89AP-717. If a defendant is not present when the court imposes consecutive sentences and an additional period of actual incarceration is included in its judgment entries, the court's written modification of the sentences pronounced in open court *Page 4 
constitutes reversible error, because a violation of Crim.R. 43(A) is a violation of the defendant's due process rights. Id.; State v.Walton (1990), 66 Ohio App.3d 243, 583 N.E.2d 1106; see, also,Columbus v. Rowland (1981), 2 Ohio App.3d 144, 145, 440 N.E.2d 1365;State v. Ranieri (1992), 84 Ohio App.3d 432, 616 N.E.2d 1191; State v.Dawson (Apr. 25, 1985), Cuyahoga App. No. 49054. State v. Jones (Mar. 18, 1999), Franklin App. No. 98AP-639; State v. Sims (Feb. 20, 1997), Franklin App. No. 96APA05-676.
 {¶ 5} In other words, if there exists a variance between the sentence pronounced in open court and the sentence imposed by a court's judgment entry, a remand for resentencing is required. State v. R. W., Cuyahoga App. No. 80631, 2003-Ohio-1142; State v. Carpenter (Oct. 9, 1996), Hamilton App. No. C-950889.
 {¶ 6} In the instant case, the trial court failed to state whether the sentences would run concurrently or consecutively. However, in its sentencing entry, the court imposed consecutive prison terms. Regardless of Quinones' actual or perceived understanding of the total amount of time he would have to serve, it cannot be ignored that the court's pronouncement in open court differed from its sentencing entry. SeeState v. Hess, Jefferson App. No. 00-JE-40, 2001-Ohio-3463. As stated on the record, the court's imposition of sentences meant that Quinones would serve only four years. In contrast, the journal entry imposed a sentence of nine years and five months; thus, the court effectively modified Quinones' sentence by more than five years. Because it did so outside his presence, the trial court violated Crim.R. *Page 5 
43(A).
 {¶ 7} Therefore, we sustain the sole assignment of error.
 {¶ 8} This cause is reversed and remanded for resentencing.
It is ordered that appellant recover of said appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 SEAN C. GALLAGHER, J. and ANTHONY O. CALABRESE, JR., J. CONCUR. *Page 1